## PEOPLE v SIEBERS

Docket No. 62030. Submitted September 7, 1983, at Lansing.—Decided October 10, 1983.

Defendant, David B. Siebers, was convicted in the Kent Circuit Court on his plea of guilty of first-degree criminal sexual conduct. The trial court, Woodrow A. Yared, J., after evaluating psychiatric reports, accepted a plea of guilty but mentally ill and sentenced defendant to 14 to 21 years imprisonment. Defendant appeals raising several issues. *Held:*

1. Defendant was informed of the charge against him; the prosecutor properly read the information in the trial judge's presence at the plea taking; the trial court properly informed defendant of his right to compulsory process of witnesses and sufficiently questioned the defendant regarding the voluntariness of his plea.

2. The facts indicate that the trial court properly complied with the statutory conditions for a plea of "guilty but mentally ill".

3. The plea bargain to dismiss two additional charges against the defendant was fulfilled. Defendant's remedy for lack of treatment for his mental illness should be through a complaint for mandamus against the Department of Corrections.

4. Defendant's sentence was not "cruel or unusual". Defendant lacks standing to challenge the life sentence penalty provision of the first-degree criminal sexual conduct statute.

Affirmed.

1. Criminal Law — Guilty Pleas.

It is proper for a prosecutor to read the information to a defendant in the judge's presence at a plea-taking proceeding.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 435, 441.

[2] 21 Am Jur 2d, Criminal Law §§ 471, 472.

[3] 21 Am Jur 2d, Criminal Law § 129.

[4] 60 Am Jur 2d, Penal and Correctional Institutions, §§ 4, 52.

[5] 21 Am Jur 2d, Criminal Law § 625 *et seq.*

65 Am Jur 2d, Rape § 115.

Federal constitutional guaranty against cruel and unusual punishment—Supreme Court cases. 33 L Ed 2d 932.

2. Criminal Law — Guilty Pleas.

No one method of recital is required in a trial court's advisement to a criminal defendant of his rights at a plea-taking proceeding.

3. Criminal Law — Guilty Pleas — Guilty But Mentally Ill.

A trial court may accept a defendant's plea of "guilty but mentally ill" provided that the conditions pertaining thereto contained in the Code of Criminal Procedure have been complied with (MCL 768.36; MSA 28.1059).

4. Prisons and Prisoners — Mandamus — Guilty But Mentally Ill — Treatment For Mental Illness.

A defendant who is incarcerated following his plea of guilty but mentally ill may properly bring a complaint for mandamus against the Department of Corrections where the defendant does not receive treatment for his mental illness.

5. Criminal Law — Criminal Sexual Conduct — Sentences — Cruel or Unusual Punishment.

A sentence of 14 to 21 years imprisonment imposed on a defendant convicted of first-degree criminal sexual conduct does not constitute cruel or unusual punishment and is not in excess of any that would be suitable to fit the crime (MCL 750.520b[1][e]; MSA 28.788[2][1][e]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, *Carol S. Irons,* Chief Appellate Attorney, and *Timothy K. McMorrow,* Assistant Prosecuting Attorney, for the people.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and Beasley, JJ.

Danhof, C.J. Defendant appeals as of right from his plea-based conviction of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). Defendant was sentenced to 14 to 21 years imprisonment.

Defendant argues on appeal that the trial judge failed to properly advise him of several rights. We have examined the plea transcript and find defendant's contentions to be without merit. Defendant was informed of the charge against him; the prosecutor may properly read the information in the judge's presence at the plea taking. *Guilty Plea Cases*, 395 Mich 96, 115; 235 NW2d 132 (1975). The trial judge properly informed defendant of his right to compulsory process of witnesses, and the record reflects sufficient questioning of defendant regarding the voluntariness of his plea. The Supreme Court has noted that "[n]o one method of recital is required". *Guilty Plea Cases, supra,* p 115.

Defendant also argues that he did not specifically plead "guilty but mentally ill", and that it was error for the trial court to accept such a plea. The record in this case indicates that defendant wished to have an evaluation by the forensic center to determine whether he was mentally ill at the time he committed the offense. To this end, he filed a notice of insanity defense on the date of the plea taking. A lengthy discussion was held on the record regarding the defendant's plea, with defense counsel stating in part:

"He is tendering his plea of guilty, your Honor, today. That notice has been filed. The steps will be taken to transport him to the forensic center for evaluation and reporting and a report will be submitted to you for whatever you determine appropriate. If you determine a finding of guilty but mentally ill is appropriate that would be entered. If you determine that is inappropriate then the verdict will simply be guilty.

"The plea of guilty is offered today not conditioned upon any particular finding by the forensic center or by your Honor. It is simply being tendered at this time on the appropriate report which you will be getting and

your making whatever decision you deem appropriate on the facts as they are reported to you.

\* \* \*

*"The Court:* Do you understand that at this time you are pleading guilty to this charge and that is not conditioned on whether this court finds that you are mentally ill or not, is that correct?

*"The Defendant:* Yes."

The trial judge took the defendant's plea under advisement and issued an oral opinion after receipt by the court of the forensic center report and an evaluation obtained by defendant from a private psychiatrist. Both evaluations concluded that the defendant was not legally insane at the time of the occurrence. The forensic center report concluded that defendant was not mentally ill, but suffered from a personality disorder. The private psychiatrist concluded that defendant was mentally ill and should receive long-term psychiatric care. The court evaluated the reports, concluded that defendant was mentally ill at the time of the offense, and accepted the plea of guilty but mentally ill.

MCL 768.36; MSA 28.1059 allows a plea of "guilty but mentally ill", provided that certain conditions have been met:

"If the defendant asserts a defense of insanity in compliance with section 20a and the defendant waives his right to trial, by jury or by judge, the trial judge, with the approval of the prosecuting attorney, may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere. The judge may not accept a plea of guilty but mentally ill until, with the defendant's consent, he has examined the report or reports prepared pursuant to section 20a, has held a hearing on the issue of the defendant's mental illness at which either party may present evidence, and is satis-

fied that the defendant was mentally ill at the time of the offense to which the plea is entered. The reports shall be made a part of the record of the case." *People v Booth,* 414 Mich 343, 355; 324 NW2d 741 (1982).

The facts of the instant case indicate compliance with the statutory conditions.

Defendant argues that his plea must be set aside because implicit in his plea was the bargain that defendant would receive treatment for his mental illness, which bargain has been unfulfilled. We disagree. The record is clear that defendant's plea of guilty was not conditioned on a finding of mental illness. Defendant pled pursuant to an agreement by the prosecutor to dismiss two additional charges of first-degree criminal sexual conduct. Those charges were dismissed and the plea bargain was fulfilled. Under these facts, defendant's remedy for lack of treatment would more properly be a complaint for mandamus against the Department of Corrections. See *People v Willsie,* 96 Mich App 350; 292 NW2d 145 (1980).

Defendant next argues that the penalty provision of the first-degree criminal sexual conduct statute is unconstitutional since it allows a sentence of imprisonment for life or any term of years. Defendant was sentenced to 14 to 21 years imprisonment, a sentence which we do not consider to be cruel or unusual or "in excess of any that would be suitable to fit the crime". *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972). Defendant lacks standing to challenge the life sentence penalty provision.

Defendant's final argument is that his sentence is excessive and should be reduced. The Supreme Court has granted leave to address the issue of sentence review on appeal. *People v Coles,* 412 Mich 917; 317 NW2d 189 (1982). Until such time

as the Supreme Court holds otherwise, however, we are bound by the rule that we are precluded from reviewing sentences. *People v Burton,* 396 Mich 238; 240 NW2d 239 (1976).

Affirmed.