PEOPLE v JACKSON (ON REMAND)

Opinion of the Court

1. Criminal Law—Plea of Guilty—Advice of Rights—Non-Jaworski Rights—Court Rules.

Failure to advise a defendant at a guilty-plea proceeding of a non-*Jaworski* right (*i.e.,* a right other than the right to a jury trial, to confront accusers, and to remain silent) is not necessarily reversible error (GCR 1963, 785.7).

2. Criminal Law—Plea of Guilty—Advice of Rights—Presumption of Innocence—Court Rules.

A plea-based conviction will not be reversed although the defendant was not advised of his right to be presumed innocent until proven guilty beyond a reasonable doubt where the defendant had been advised of the presumption of innocence in another plea-taking proceeding which took place the day before the plea-taking proceeding complained of (GCR 1963, 785.7[1] [d] [ii]).

Dissent by T. M. Burns, J.

3. Criminal Law—Plea of Guilty—Advice of Rights—Nonprejudicial Errors.

*The proper advisement of a defendant of the rights he is waiving by pleading guilty renders nonprejudicial any error in such advisement of the defendant at another guilty plea proceeding later the same day; however, this grace period should not be extended.*

4. Criminal Law—Plea of Guilty—Presumption of Innocence—Reversible Errors.

*Failure to advise a defendant at a guilty plea proceeding of his right to be presumed innocent until proven guilty is reversible error, even though the defendant had been advised of the presumption of innocence at another plea-taking proceeding*

Reference for Points in Headnotes

[1–4] 21 Am Jur 2d, Criminal Law §§ 486–491; 29 Am Jur 2d, Evidence § 224 *et seq.*

*which took place the day before the plea-taking proceeding complained of.*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted October 15, 1974, at Detroit. (Docket No. 18749.) Decided June 25, 1976.

Darryl K. Jackson was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appealed. Reversed, 57 Mich App 618 (1975). Defendant appealed to the Supreme Court. Remanded to the Court of Appeals. On remand, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and DANHOF, JJ.

## ON REMAND

V. J. BRENNAN, P. J. Defendant, Darryl Kennard Jackson, was convicted upon his plea of guilty of the offense of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. He was sentenced to a term of from 7 to 20 years in prison and now appeals.

In October, 1973, the defendant herein was faced with two charges of armed robbery, each arising out of a separate criminal transaction. On Thursday, October 4, 1973, defendant appeared in court and, with respect to the first charge of armed robbery, pled guilty to the lesser charge of assault with intent to rob being armed. At this time defendant was properly advised of each of the

rights specified in GCR 1963, 785.7(1)(d)(ii), and his plea was accepted by the trial court. On Friday, October 5, 1973, defendant appeared in court on the other armed robbery charge, represented by a different attorney, and again pled guilty to assault with intent to rob being armed. It is from this second plea of guilty that defendant now appeals.

Defendant contends that his guilty plea to this second charge must be reversed because he was not advised of his right "to be presumed innocent until proven guilty beyond a reasonable doubt". GCR 1963, 785.7(1)(d)(ii).

Pursuant to GCR 1963, 785.7(1)(d)(ii), the defendant is to be informed that his plea of guilty waives "the right to be presumed innocent until proven guilty beyond a reasonable doubt".

As to subsection (d) of the above rule, *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975), states:

"The primary purpose of subsection (d) is to impress on the accused that by his plea of guilty he waives his right to a trial. If it appears on the record that this purpose has been achieved, the omission of one or another of these rights, other than a *Jaworski [People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972)] right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal."

The Court in *Guilty Plea Cases, supra,* at 121, indicates the *Jaworski* rights to be the right to a jury trial, the right to confront one's accusers, and the right to remain silent. Thus, the omission of the right to be presumed innocent, a non-*Jaworski* right, does not necessarily require reversal.

Given the above analysis, it would appear that the example of the *Burkett* case cited in *Guilty Plea Cases, supra,* at 125, is applicable to the

present case. In *Burkett*, the defendant had pled three times before the same judge on the same day. The Supreme Court remanded the case back to see if the defendant had been advised of his rights by the same judge on another charge albeit on the same day. The right involved in this case is a non-*Jaworski* right. We know from the transcript that here he was given the presumption of innocence warning in the first plea case the day before.

Conviction affirmed.

DANHOF, J., concurred.

T. M. BURNS, J. *(dissenting)*. I must object to further weakening of the very basic and important requirements of GCR 1963, 785.7.

We start with the proposition that the prior proper advisement of the defendant of the rights he is waiving on one day renders nonprejudicial any error in such advisement of the defendant in another guilty plea on the same day.[1] It is thought that judicial extension of that "grace period" from one day to two consecutive days is advisable. I disagree. Such policy is inimical to both the spirit and letter of the court rule.[2]

---

[1] *Guilty Plea Cases*, 395 Mich 96, 121–122; 235 NW2d 132 (1975).

[2] "That a defendant may have been tried by a jury in another case or learned of his rights in an earlier plea-taking proceeding would no more negate his right to be informed of the right to and incidents of a trial at the time a plea of guilty is offered than would proof that he had seen Perry Mason on television or read Erle Stanley Gardner.

"Many defendants have been made aware at one time or another of the right to and incidents of a trial and the consequences of a plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule." *Guilty Plea Cases, supra,* at 121.

Secondly, while the advisement of the presumption of innocence is not a *"Jaworski* right", the Supreme Court has deemed it necessary to continue to require reversal in cases where the guilty-pleading defendant is not advised of that incident of trial. *Guilty Plea Cases,* 395 Mich 96, 125; 235 NW2d 132 (1975). Stare decisis requires reversal.

I would reverse and remand for trial.