PEOPLE v RUSSELL

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS.

　　Reversal of a conviction based on a plea of guilty is required if the defendant was not advised of his right to a jury trial, to confront accusing witnesses, to remain silent, and to be presumed innocent until proven guilty beyond a reasonable doubt.

2. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—PRESUMPTION OF INNOCENCE—IMPRECISE RECITAL OF RIGHTS.

　　An imprecise recital to a defendant of his right to be presumed innocent until proven guilty beyond a reasonable doubt does not require reversal of the defendant's plea-based conviction where the advice given adequately informed the defendant of the rights he would be waiving if he gave up his right to a trial.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted February 7, 1977, at Detroit. (Docket No. 28424.) Decided February 28, 1977.

Leroy Russell was convicted, on his plea of guilty, of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491.

　　Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 552.

*Monsey G. Wilson,* for defendant on appeal.

Before: BRONSON, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. The question presented is whether we must automatically reverse a plea-based conviction where the trial judge failed to advise the defendant that a guilty plea would waive his right to be "presumed innocent". The court rule, GCR 1963, 785.7(1)(g)(iii), requires that the presumption of innocence be mentioned. We now must determine the consequences of a failure to comply with the court rule. We look for guidance to *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Defendant pleaded guilty to a charge of carrying a concealed weapon, MCLA 750.227; MSA 28.424, and was sentenced to a prison term of from 40 months to 5 years. The trial judge did not specifically mention the presumption of innocence before accepting the defendant's plea.

On appeal, the prosecution argues that a "precise litany" is not required. In many cases, the recitation of rights will be deemed sufficient even though no mention is made of a specific right. The test which is usually applied is whether the advice of rights, viewed as a whole, was sufficient to warn the defendant that he was waiving his right to a "trial". *Guilty Plea Cases, supra* at 122.

While failure to mention one of the rights listed in GCR 1963, 785.7(1)(g), usually does not automatically require reversal, there are exceptions. If the omitted right is one of the *Jaworski* trio,[1] reversal is always required. It appears that the Supreme Court has now elevated the presumption of inno-

[1] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). The three rights are: (1) jury trial; (2) confrontation of accusing witnesses; and (3) right to remain silent.

cence to the same status as the three *Jaworski* rights. In *Guilty Plea Cases, supra,* the Court said:

"Defendant was not advised of the presumption of innocence as required by 785.7(1)(d)(ii).[2] That right is at the core of our criminal process and fundamental to defendant's understanding of a trial." 395 Mich at 125.

That quotation appears in the context of the Court's discussion of *People v Howell,* one of the several cases which are collectively cited as *Guilty Plea Cases, supra.* The conviction in *Howell* was reversed because of the judge's failure to warn the defendant that a plea of guilty would waive his right to be presumed innocent until proven guilty beyond a reasonable doubt. See also *People v Allen,* 396 Mich 829 (1976), and the separate opinion of Chief Justice KAVANAGH and Justice LEVIN in *Guilty Plea Cases, supra* at 145.

Superficially, it would appear that *Howell* and *Allen* require reversal in the present case. But, for reasons outlined below, we affirm the conviction.

When the plea in *Howell* was taken, the applicable court rule required that a defendant be told that he has:

"the right to be presumed innocent until proven guilty beyond a reasonable doubt,". GCR 1963, 785.7(1)(d)(ii).

The conviction in *Howell* was reversed because the required advice was not given.

The plea in the present case was taken on February 27, 1976. By that time, Rule 785 had been changed significantly. The advice required by the former Rule 785.7(1)(d)(ii) is now covered by

[2] Now GCR 1963, 785.7(1)(g)(iii) *and* (iv).

two separate sub-rules which require that a defendant be told that he has the right:

"(iii) to be presumed innocent until proven guilty;
"(iv) to have the prosecutor prove beyond a reasonable doubt that he is guilty." GCR 1963, 785.7(1)(g)(iii) and (iv).

In the present case, the defendant was told that: "If you go to trial, the Prosecutor must prove you guilty beyond a reasonable doubt." It thus appears that the judge gave approximately half of the advice required by the old Rule 785.7(1)(d)(ii), and slightly more than half of that now required by Rule 785.7(1)(g)(iii) *and* (iv). But the judge never spoke the precise words "presumed innocent".

If *Jaworski* rights are omitted, reversal is always required. But an "imprecise recital" of a *Jaworski* right does not require reversal if the judge's advice as a whole adequately informs the defendant that he is waiving his right to a "trial". *Guilty Plea Cases, supra* at 122. We believe that the same rule should apply to the requirement that a defendant be told about the presumption of innocence.

In *Howell [Guilty Plea Cases]*, the Supreme Court referred to the rights guaranteed by the former GCR 1963, 785.7(1)(d)(ii), as the "presumption of innocence". The determinative question in the present case is whether the trial judge *omitted* advice on that subject or merely gave an *imprecise recital*. We adopt the latter view and therefore affirm the defendant's conviction because we are absolutely convinced that the advice given adequately informed the defendant of the rights he would be waiving if he gave up his right to a "trial".

The conviction is affirmed.