PEOPLE v WILSON

CRIMINAL LAW—PLEA OF GUILTY—ADVISING DEFENDANT—PRESUMP-
    TION OF INNOCENCE.
    A defendant in a guilty plea proceeding must be advised by the
    trial court of the right to be presumed innocent until proven
    guilty beyond a reasonable doubt (GCR 1963, 785.7[1][g][iii]).

Appeal from Recorder's Court of Detroit, Robert
L. Evans, J. Submitted December 15, 1976, at
Detroit. (Docket No. 29003.) Decided August 17,
1977.

Terry Wilson was convicted, on his plea of
guilty, of receiving and concealing stolen property.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training & Appeals, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant on appeal.

Before: R. M. MAHER, P. J., and V. J. BRENNAN
and N. J. KAUFMAN, JJ.

PER CURIAM. On March 5, 1976, defendant Terry
Wilson pled guilty to an added count of receiving

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 486 *et seq.*
Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

and concealing stolen property, contrary to MCLA 750.535; MSA 28.803. Originally charged with felony murder and armed robbery, defendant was allowed to plead to the added count in exchange for testimony against codefendants in the same incident. On April 26, 1976, defendant was sentenced to 2-1/2 to 5 years in prison. On appeal, defendant argues that reversible error occurred due to the failure of the trial court to properly advise him of the presumption of innocence incident to a jury trial.

GCR 1963, 785.7(1)(g) (iii) requires in a guilty plea proceeding that defendant be advised by the trial court of the right to be presumed innocent until proven guilty beyond reasonable doubt. See *Guilty Plea Cases,* 395 Mich 96, 122–123, 125; 235 NW2d 132 (1975). We find no such advice in the plea-taking record.

Under the circumstances, the Supreme Court has held that a conviction may not stand:

"In *Howell,* defendant pled guilty to the reduced charge of larceny from a person. Defendant was not advised of the presumption of innocence as required by 785.7(1)(d)(ii). That right is at the core of our criminal process and fundamental to defendant's understanding of a trial." *Guilty Plea Cases, supra* at 125.

Reversed and remanded.