PEOPLE v HEINTZELMAN

Docket No. 75814. Submitted September 5, 1984, at Grand Rapids.—
Decided April 16, 1985. Leave to appeal denied, 422 Mich 962.

Defendant, Aaron L. Heintzelman, was convicted, on his plea of
guilty, of breaking and entering an unoccupied dwelling, Kent
Circuit Court, Robert A. Benson, J. At the plea taking, the
court advised defendant that he had a right to have the
prosecutor prove his guilt beyond a reasonable doubt but did
not advise him of his right to be presumed innocent. Defendant
appealed. *Held:*

A failure of the judge to advise the defendant of his right to
be presumed innocent until proven guilty when taking a plea of
guilty requires reversal of the conviction.

Reversed.

CRIMINAL LAW — GUILTY PLEAS — COURT RULES — PRESUMPTION OF
INNOCENCE.

A failure of the judge to advise the defendant of his right to be
presumed innocent until proven guilty when taking a plea of
guilty requires reversal of the conviction (GCR 1963,
785.7[1][g][iii]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Is reversal of a guilty plea required where the trial court expressly advises the defen-

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 782.

dant that he has the right to have the prosecutor prove beyond a reasonable doubt that defendant is guilty but fails to inform the defendant of the GCR 1963, 785.7(1)(g)(iii) right to be presumed innocent? We answer this question in the affirmative and reverse.

The prosecution contends that the right to be presumed innocent is not a *Jaworski*-type right mandating reversal as a matter of constitutional law. *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). This being so, the prosecution concludes that reversal of a voluntary plea-based conviction merely because the specific words "presumption of innocence" are not used exalts form over substance contrary to the spirit of *Guilty Plea Cases, infra. People v Hall,* 418 Mich 189, 195; 341 NW2d 436 (1983). We disagree.

In *People v Lawrence,* 413 Mich 866 (1982), the Supreme Court issued a peremptory order of reversal because defendant was not advised of the presumption of innocence. Our Court reached a similar conclusion in *People v Mitchell,* 125 Mich App 475, 477; 336 NW2d 31 (1983). Moreover, in *Guilty Plea Cases,* 395 Mich 96, 125; 235 NW2d 132 (1975), a defendant's conviction was reversed because he was not advised of the presumption of innocence.

Reversed and remanded to the circuit court for further proceedings.