## PEOPLE v INGRAM

Docket No. 100203. Submitted November 18, 1987, at Lansing. Decided February 16, 1988.

Vincent E. Ingram, a prison inmate, was charged in Jackson Circuit Court with carrying a concealed weapon and with being an inmate in possession of a weapon. Defendant entered into a plea agreement whereby, in exchange for pleading guilty to the inmate in possession count, the carrying a concealed weapon charge and a supplemental information charging him as a second offender would be dismissed. At the plea proceeding, defense counsel, the prosecutor and the trial judge, Gordon W. Britten, J., each indicated that defendant could not be convicted on both of the charged counts. In advising the defendant of his right to trial and the incidents thereto, the trial court stated that the defendant would be "presumed innocent of this offense until proved guilty by a reasonable doubt." Defendant indicated that he understood his rights and wished to waive those rights and plead guilty. The trial court accepted the plea. Following sentencing, defendant moved to withdraw his plea. The motion was denied by the trial court, Paul R. Mahinske, J. Defendant appealed.

The Court of Appeals *held:*

1. Assuming arguendo that defendant could have been convicted of both of the charged crimes, no harm could result from the statements of counsel and the court that conviction on both counts was not possible. At worst, defendant got more than he bargained for in exchange for his plea.

2. While the statement of the trial judge relative to the presumption of innocence was clear error, that misstatement does not mandate the setting aside of the guilty plea, since the

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

trial court's statements, when taken as a whole, adequately informed defendant of his right to a trial and the incidents thereto.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — KNOWING WAIVER — HARMLESS ERROR.

A guilty plea need not be set aside on the basis that it was not knowingly and intelligently made where the defendant was improperly informed that conviction on both of two charged offenses was not possible, since under such circumstances there could be no harm to the defendant because, at worst, he got more than he bargained for by pleading guilty.

2. CRIMINAL LAW — GUILTY PLEAS — KNOWING WAIVER — RIGHT TO TRIAL — PRESUMPTION OF INNOCENCE.

An imprecise recital of the rights waived by pleading guilty does not require that the guilty plea be set aside if the trial court's advice as a whole adequately informs the defendant that he is waiving his right to a trial and the rights and incidents thereto; the same rule has been applied to the requirement that the defendant be informed of the presumption of innocence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold E. Schrotenboer,* Chief Appellate Attorney, for the people.

*Rick L. Middleton,* for defendant.

Before: M. J. KELLY, P.J., and G. R. MCDONALD and J. D. PAYANT,* JJ.

M. J. KELLY, P.J. Defendant, an inmate at the Southern Michigan Prison in Jackson, was charged (Count I) with carrying a concealed weapon, MCL 750.227; MSA 28.424, and (Count II) with being an inmate in possession of a weapon, MCL 800.283(4); MSA 28.1623(4). On August 26, 1986, defendant pled guilty to Count II, pursuant to a plea agreement that provided that Count I

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

would be dismissed (defendant having been advised that in any event he could not be found guilty of both charges) and that a supplemental information charging him as a second-felony offender would be dismissed.

On March 6, 1987, a hearing was held on defendant's motion to withdraw his plea. The motion was denied. Defendant appeals as of right.

Defendant argues that a combination of errors and misstatements of law combined to make his waiver of rights ineffective, because the waiver was neither knowingly nor intelligently made.

The first claimed error concerned discussion by the prosecutor, defense attorney and the trial court over whether defendant could even be prosecuted on both charged counts. Both the ccw charge and the inmate possession of a weapon charge arose from the same incident. While incarcerated at the Southern Michigan Prison in Jackson, defendant was searched and an eight-inch knife was found inside his shoe.

When asked by the trial court if defendant's plea was tendered pursuant to an agreement, defense counsel stated that it was. Defense counsel stated that the agreement provided that Count I would be dismissed and that it had been explained to defendant that he could not in any event be found guilty of both carrying a concealed weapon and inmate possession of a weapon. The prosecutor agreed stating: "The only important matter being the supplemental. Mr. Williams [defense counsel] is correct, the subject matter of both Count I and Count II is the same weapon and he [defendant] could not be convicted of both." In going through the agreement with defendant, the trial court stated: "And in all probability you could not be convicted of both Count I and II; do you understand that?"

On appeal defendant hypothesizes that all of this advice was wrong. Relying on *People v Sturgis,* 427 Mich 392; 397 NW2d 783 (1986), defendant argues that the facts supported both charges. Therefore, defendant argues that he was not properly advised prior to waiving his rights.

We believe this argument is without merit. Even if we accept defendant's claim that the facts would support convictions for both counts, defendant was not harmed. In fact, defendant got a better bargain than he originally negotiated for, since under defendant's theory he could have been convicted on both counts and Count I was dropped. Because he got a greater benefit than he bargained for, we find no support for defendant's claim that, because of the claimed ambiguity, his waiver of rights was not knowingly and intelligently made.

Defendant also argues that the trial court's misstatement of its advice to defendant, on rights defendant was waiving by pleading guilty, requires reversal. At the plea hearing the trial court outlined to defendant the list of rights waived by defendant's plea of guilty. During that recitation the trial court stated:

> And you have the right to be presumed innocent of this offense until proved guilty by a reasonable doubt and the prosecuting attorney would have the burden of proof throughout the trial. By the plea which you have tendered to the Court you give up your right to be presumed innocent and you also give up your right to present any defenses to the charge; do you understand that right?

MCR 6.101(F)(1)(c)(iv) provides that before accepting a plea the court shall advise the defendant that he is giving up the right to have the prosecutor prove beyond a reasonable doubt that he is guilty. Defendant contends that, since the advice

given to him used the language "by reasonable doubt" and not "beyond a reasonable doubt," his motion to withdraw his plea should have been granted.

In *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975), cert den 429 US 1108 (1977), the Supreme Court stated that the primary purpose behind the court rule requirement was to impress upon the defendant that, by pleading guilty, defendant was waiving his right to trial.

> While the language of the court rule has changed since the Court's decision in *Guilty Plea Cases,* the primary purpose remains the same. On appeal, the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents. [*People v Gren,* 152 Mich App 20, 24; 391 NW2d 508 (1986).]

An imprecise recital of the rights waived by pleading guilty does not require reversal if the trial court's advice as a whole adequately informs the defendant that he is waiving his rights to trial. *Guilty Plea Cases, supra* at 122. This same rule has been applied to the requirement that a defendant be told about the presumption of innocence. *People v Russell,* 73 Mich App 628, 631; 252 NW2d 533 (1977), lv den 400 Mich 847 (1977). "The determinative question . . . is whether the trial judge *omitted* advice on that subject or merely gave an *imprecise recital." Id.* at 631.

Here, we hold that there was merely an imprecise recital when the trial court stated that defendant would be "presumed innocent of this offense

until proved guilty by a reasonable doubt." It appears on the record that defendant was sufficiently informed of his constitutional rights and the incidents of trial to warrant a conclusion that he understood what a trial is and that by tendering his plea he was knowingly and intelligently giving up his right to a trial and its consequent rights and protections. On this basis we find defendant's claim without merit.

Defendant also claims ambiguity based on a misstatement in the reading of the charge. We have considered defendant's claim of misstatement as to the statutory cite in the court's reading of the crime charged and are of the opinion that the correct charge was read to defendant and error in the MCL citation was harmless.

Affirmed.