Weaver, J.
The question presented is whether the trial court’s failure to comply with MCR 6.302(B)(3)(c) in accepting defendant’s guilty plea to one count of receiving and concealing stolen property and fourth felony offender demands reversal of defendant’s conviction. This undertaking is one where we, as our predecessor courts have done for over a quarter century, are interpreting and applying our own rules concerning guilty pleas. MCR 6.302(B)(3)(c) requires the trial court to inform the defendant that he waived his right at trial to be presumed innocent until proven guilty. Here, the trial court did not inform defendant of the presumption of innocence during the guilty plea hearing. However, earlier in the day defendant was present while the same judge instructed the jury that convened for defendant’s trial—on the charge to which he subsequently pleaded guilty—that the defendant was presumed innocent until proven guilty beyond a reasonable doubt. In light of the Guilty Plea Cases, 395 Mich 96; 235 NW2d 132 (1975), the question is whether there *271 was substantial, not strict, compliance with the requirements of MCR 6.302.
Despite the trial court’s omission of the presumption of innocence during the plea hearing, we hold that defendant “was informed of such constitutional rights and incidents of a trial as reasonable to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents.” Guilty Plea Cases, supra at 122. We reverse the Court of Appeals decision and reinstate defendant’s plea of guilty.
I
Jury selection for defendant’s trial[1] began on the morning of April 13, 1998. In the afternoon of the first day of trial, after the first witness testified, the defendant decided to accept the prosecutor’s plea bargain offer. Pursuant to that offer defendant pleaded guilty to one count of receiving and concealing stolen property, MCL 750.535, and to being a fourth felony offender, MCL 769.12. The trial judge engaged in a lengthy hearing with defendant on his guilty plea.[2] However, during that hearing the trial judge did not inform defendant that by pleading guilty he was giving up the right to be presumed innocent until proven guilty.[3] On July 17, 1998, defendant was sentenced as *272 an habitual offender, fourth offense, to a prison term of twelve to forty years.
On December 14, 1998, defendant moved to withdraw his plea on the ground that the trial court failed to inform him of the presumption of innocence. After a hearing on January 25, 1999, the trial court denied the motion. On March 28, 2000, the Court of Appeals issued a memorandum opinion[4] reversing the trial court’s denial of defendant’s motion to withdraw his guilty plea. The prosecution appealed to this Court, and we granted leave to appeal. 463 Mich 907 (2000).[5]
n
The procedures governing the acceptance of a guilty plea were first adopted by this Court in 1973[6] and are currently set forth in MCR 6.302. MCR 6.302(A) provides that
[t]he court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate. Before accepting a plea of guilty or nolo contendere, the court must place the defendant under oath and personally carry out subrules (B)—(E).
In People v Shekoski, 393 Mich 134; 224 NW2d 656 (1974), this Court had held that “strict adherence to those requirements[7] is mandatory and that neither *273 substantial compliance nor the absence of prejudicial error will be deemed sufficient.” However, one year later in Guilty Plea Cases, supra, this Court renounced the Shekoski holding that “any failure of strict adherence to the procedure and practice specified in Rule 785.7 [now MCR 6.302] mandates reversal.” Guilty Plea Cases, supra at 113. Instead, the Court adopted a doctrine of substantial compliance, holding that “[w]hether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance.” Guilty Plea Cases, supra at 113. Thus, the question on appeal is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as is reasonable to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents. Id. at 113, 122.
To determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a “Jaworski right.” In People v Jaworski, 387 Mich 21; 194 NW2d 868 (1972), this Court held that a plea of guilty must be set aside where the record of the plea proceedings shows that the defendant was not advised of all three constitutional rights involved in a waiver of a guilty plea: 1) the right to trial by jury, 2) the right to confront one’s accusers, and 3) the privilege against self-incrimination, relying on Boykin v Alabama, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). If a Jaworski right is omitted from the plea proceedings, then reversal is mandated. However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a Jaworski right, *274 or the imprecise recital of any such right, including a Jaworski right, does not necessarily require reversal. Guilty Plea Cases, supra at 122.
Here, the trial court failed to inform the defendant of the presumption of innocence. Informing defendant of his right to be presumed innocent is required under MCR 6.302(B)(3)(c),[8] but is not one of the three Jaworski rights. We note that in some cases the Court of Appeals has stated or assumed that the presumption of innocence had the same status as the three Jaworski rights—that its omission mandates an automatic reversal. See People v Russell, 73 Mich App 628, 629-630; 252 NW2d 533 (1977), and People v Bender, 124 Mich App 571; 335 NW2d 85 (1983). In other cases, this Court and the Court of Appeals have reversed a guilty plea, without engaging in further analysis, when the trial court omitted the presumption of innocence. See People v Lawrence, 413 Mich 866; 317 NW2d 856 (1982),[9] People v Mitchell, 125 Mich App 475; 336 NW2d 31 (1983), and People v *275 Heintzelman, 142 Mich App 94; 368 NW2d 903 (1985).[10] To the extent that these cases held that the *276 omission of the presumption of innocence from guilty plea proceedings requires an automatic reversal of the guilty plea, we disapprove of them.[11]
In Guilty Plea Cases, we did recognize that the presumption of innocence is “at the core of our criminal process and fundamental to defendant’s understanding of a trial.” Id. at 125. Nevertheless, the omission from a plea proceeding of a right attendant to trial, other than a Jaworski right, does not necessarily require reversal. Id. at 122. If from the record it appears that the defendant has been informed of his right to a trial and that this right is being waived by his plea of guilty, reversal is not required by the omission of any of the rights enumerated in the court rule, even the presumption of innocence. Id.
Here, defendant was not informed of the presumption of innocence during the plea hearing. However, earlier in the day, while defendant was present, the *277 same judge had given the defendant’s jury, which was empaneled on the same charge to which defendant pleaded guilty, a thorough explanation of the presumption of innocence,[12] stating:
A person accused of a crime is presumed to be innocent. This means that you must start with the presumption that the defendant is innocent. This presumption continues throughout the trial, and entitles the defendant to a verdict of not guilty unless you find from the evidence beyond a reasonable doubt that he is.
Every crime is made up of parts called elements. The prosecutor must prove each element of the crime beyond a reasonable doubt.
The defendant is not required to prove his innocence or to do anything.
Should you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.
A reasonable doubt is defined as a fair, honest doubt growing out of the lack of evidence or the evidence in the case. It is, however, not an imaginary or a possible doubt. Instead, it is a doubt based upon reason, and common sense. It is a doubt which is considered reasonable after a careful and considered examination of all the facts and circumstances in the case.
Before defendant pleaded guilty, his trial on the charge to which he pleaded guilty had begun. Defendant had participated in having his constitutional rights to a trial by jury implemented, and specifically *278 had witnessed the jury being informed of the presumption of innocence to which he was entitled.
In Guilty Plea Cases, supra at 114-115, we approved cases where the trial judge did not personally address the defendant by informing him of the maximum sentence (Courtney) or the charge that the defendant was facing (Bauer). We concluded that the prosecutor’s statement of that information in the presence of the defendants was sufficient. We stated:
These departures do not justify reversal. While it would be better for the judge to cover all the points himself, as long as he assumes the principal burden of imparting the required information, as did the judges in Courtney and Bauer, the purpose of requiring him personally to address the defendant and in so doing observe his demeanor and responses is achieved.
A guilty plea conviction will not be reversed if the judge engages in the required colloquy but fails to mention an item which the record shows was established through, for example, an opening statement of or interjection by the prosecutor or defense counsel in the hearing of the judge and defendant. It is proper for the prosecutor or the clerk to read the information in the judge’s presence. [Emphasis supplied.]
Here, the trial judge addressed defendant with respect to eveiy right contained in the court rules save one. That failure was rectified by the judge’s earlier statement, in defendant’s presence, that informed the jury—and defendant—at length concerning the presumption of innocence. Thus, the judge clearly assumed “the principal burden of imparting the required information,” id. at 114.
In Courtney and Bauer, this Court approved the practice of some of the required information being imparted by the prosecutor—or, indeed, as we stated *279 later, by “an opening statement of or interjection by the prosecutor or defense counsel in the hearing of the judge and defendant.” Id. at 114-115. In such situations the reviewing court will rely on the defendant’s presence when the information regarding the presumption of innocence is imparted to conclude that the defendant is aware of that information and that, therefore, his plea is knowing and understanding.[13] The clear import of our statements in Guilty Plea Cases is that observing the demeanor and responses of the defendant when advice regarding the “bulk” of the rights is imparted is sufficient to establish compliance with the “personally address” requirement.[14]
In contrast to the situations already approved by us in the Courtney and Bauer cases, in this case it was the judge who imparted the additional information. Thus, we conclude that “the purpose of requiring [the judge] to personally address the defendant and in so doing observe his demeanor and responses [has been] achieved.” Id. at 114.
m
Apparently the dissent agrees with us on the legal principles involved. Both opinions recognize that the *280 defendant’s plea must constitute a knowing and intelligent waiver of the defendant’s rights. We also agree that reversal of defendant’s conviction is not required if there is substantial compliance with the court rule.
The point of difference between the majority and the dissent is in the dissent’s application of the concept of “substantial compliance.” The majority abides by the interpretation of our rules set forth in Guilty Plea Cases that has held sway for over twenty-five years: there is substantial compliance with the “personally address” requirement if, even though the judge fails to recite a specific right at the guilty plea proceeding, the omission is rectified by recitation of the right in the defendant’s presence at some other point during the in-court proceedings. The dissent apparently would require strict compliance with MCR 6.302(B)(3)(c), and mandate reversal whenever the defendant was not instructed on the presumption of innocence at the guilty plea hearing itself. In so doing, the dissent would sub silentio overrule Guilty Plea Cases, and return to the strict compliance rule of People v Shekoski. We believe that the crucial question is whether the defendant’s plea was knowing and voluntary, not whether the trial court has engaged in a letter-perfect “talismanic chant.”[15] Under the court rule, a failure to state one of the rights at the plea hearing does not require vacating the conviction where, as here, the court has directly addressed the defendant regarding the enumerated rights generally and the defendant has otherwise been informed adequately of the omitted right. The dissent has not identified any basis in the rule to support its contrary position. Thus, we decline the dissent’s invitation to turn our *281 backs on established precedent and re-interpret “substantial compliance” to require strict compliance at the time of the plea-taking.
Finally, the dissent suggests that the presumption of innocence has the same status as the three Jaworski rights—that its omission mandates an automatic reversal. In Jaworski this Court held that in order for there to be a valid guilty plea, there must be an enumeration and a waiver on the record of the three federal constitutional rights as set forth in Boykin v Alabama, supra: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers. The United States Supreme Court has not held that the presumption of innocence is such a right. See Johnson v Ohio, 419 US 924, 925; 95 S Ct 200; 42 L Ed 2d 158 (1974). Although we continue to recognize the importance of the presumption of innocence, we decline to elevate it to the status of the Boykin/Jaworski rights.
iv
On the basis of the whole record, including the beginning of the jury trial earlier that same day, we find that the trial judge’s initial determination that the defendant knowingly and voluntarily gave up his right to a trial and all the attendant rights was correct.
We reverse the judgment of the Court of Appeals vacating defendant’s guilty plea, and reinstate defendant’s conviction and sentence.
Corrigan, C.J., and Taylor and Young, JJ., concurred with Weaver, J.
Young, J. I join in the majority opinion and fully concur that an omission from the plea proceedings of *282 one or another of the rights attendant to trial, other than a Jaworski right, does not necessarily require reversal. However, I write separately because I wish to clarify that, in my view, there was no omission of the “presumption of innocence,” and thus, no error under MCE 6.302(B)(3)(c) occurred in this case.
The trial court, during the plea proceeding, advised defendant that he had a right to a trial by jury and that he had a right to have his guilt proven beyond a reasonable doubt. Specifically, the trial judge directly said the following to defendant:
The Court: You obviously know what a jury trial is. You’ve been sitting here during jury selection, and you’ve seen witnesses testify so you understand that you’re here because you have the right to be here. Meaning you have the right to have this trial, and you have the right to have the jury decide the facts, and decide whether or not your guilt is proven beyond a reasonable doubt. And you’ve seen cross-examination so you understand you have the right to see, hear and cross-examine the State’s witnesses. Am I correct in inferring that? [Emphasis added.]
The Court: Do you understand that you give up those rights, and give up the right to a trial if you change your plea to guilty?
In my view, advising defendant that he had a right to have his guilt proven beyond a reasonable doubt necessarily encompassed the advice that he would have been presumed innocent. The presumption of innocence is “nothing more than an amplification of the prosecution’s burden of persuasion.” See 2 McCormick, Evidence (5th ed), § 342, p 437. If the presumption of innocence adds anything, it is merely “a warning not to treat certain things improperly as *283 evidence.” 9 Wigmore, Evidence (3d ed), § 2511, p 409.
The court did not recite literally the court rule terminology. However, when defendant was told that he had a right to have his guilt proven beyond a reasonable doubt, he necessarily learned that he would be considered innocent in the absence of such proof of his guilt. In my view, this advice adequately informed defendant of the “presumption of innocence.” No single method of recital is required. Guilty Plea Cases, 395 Mich 96, 119-120; 235 NW2d 132 (1975).
I believe that the phrase “presumption of innocence” is merely a shorthand way of referring to the right to have a jury find a defendant guilty beyond a reasonable doubt. Accordingly, I believe defendant was in fact informed of the “presumption of innocence” and that no omission of advice as required by the rule occurred in this case.
Corrigan, C.J., concurred with Young, J.

 Defendant was charged with five counts: 1) home invasion, second degree, MCL 750.110a(3), 2) home invasion, second degree, MCL 750.110a(3), 3) receiving and concealing weapons or firearms, MCL 750.535b, 4) receiving and concealing stolen property in excess of $100, MCL 750.535, and 5) receiving and concealing stolen property in excess of $100, MCL 750.535.

 The transcript for the hearing totals thirty-one pages.

 MCR 6.302(B)(3)(c).

 Unpublished memorandum opinion, issued March 28, 2000 (Docket No. 217802).

 In granting leave, we directed the parties to “include discussion of whether the alleged error is subject to harmless error review and, if so, what is the appropriate harmless error standard in this case.” Because we hold that the trial court substantially complied with the requirements for taking a plea, we do not reach the question of harmless error.

 389 Mich lv-lvii.

 At that time, the requirements, which were substantially similar to those of MCR 6.302, were found in GCR 1963, 785.7.

 MCR 6.302(B)(3)(c) requires the court to advise the defendant and determine that the defendant understands that if his plea is accepted the defendant will not have a trial and gives up the rights he would have had at trial, including the right “to be presumed innocent until proven guilty.”

 The order in Lawrence, read, in its entirety:
On order of the Court, the defendant having filed a request for review of his conviction, this Court having issued an order to show cause why the defendant’s conviction should not be reversed because he was not advised of the presumption of innocence as required by GCR 1963, 785.7(l)(g)(iii), and the prosecutor’s response to that order having been considered by the Court, now, therefore, it is ordered that the request for review be treated as an application for leave to appeal and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant’s convictions because he was not advised of the presumption of innocence. GCR 1963, 785.7(l)(g)(iii); Guilty Plea Cases, 395 Mich 96, 125; 235 NW2d 132 (1975). We remand the cases to the Washtenaw Circuit Court for further proceedings.

 The dissent relies on the above-cited cases to assert that this Court has established a precedent that where a defendant is not informed of his right to be presumed innocent, his conviction must be set aside, and that the Court of Appeals has “followed this established precedent.” Post at 289. We would note that in Russell, supra, the Court of Appeals affirmed the defendant’s conviction despite the trial court’s failure to “[speak] the precise words ‘presumed innocent.’ ” 73 Mich App 631. In People v Jackson, 71 Mich App 468; 248 NW2d 551 (1976), the Court of Appeals affirmed the defendant’s conviction where, although he was not informed of his right to be presumed innocent at the guilty plea proceeding, he was informed of that right in a prior guilty plea entered the preceding day before the same judge. Id. at 469-470.
We futher note that the decision of the Court of Appeals in People v Ingram, 166 Mich App 433; 424 NW2d 19 (1988), did not involve a failure to advise, but rather an imprecise recital of the right to be presumed innocent. The trial court stated that the defendant would be “presumed innocent of this offense until proved guilty beyond a reasonable doubt.” The Court of Appeals affirmed the defendant’s guilty plea, finding that “[i]t appears on the record that defendant was sufficiently informed of his constitutional rights and the incidents of trial to warrant a conclusion that he understood what a trial is and that by tendering his plea he was knowingly and intelligently giving up his right to a trial and its consequent rights and protections.” Id. at 437-438.
In Heintzelman, supra, Mitchell, supra, and People v Wilson, 78 Mich App 307; 259 NW2d 356 (1977), the Court of Appeals reversed the defendants’ convictions where there was a total absence of advice concerning the presumption of innocence.
Finally, in Bender, supra, the defendant pleaded guilty to an habitual offender charge after being tried and found guilty by a jury on the accompanying substantive offenses. The Court of Appeals observed that defendant was informed of a number of his rights through the statement of those rights by his counsel when the defendant expressed a desire to plead guilty to the habitual charge while the jury was still deliberating on the substantive charges. The Court of Appeals stated: “Although defendant was not personally advised of a number of his rights by the trial court, defense counsel’s on-the-record statement of some of defendant’s rights satisfies the requirement that the trial court ‘personally address’ the defendant as to those rights. ... As long as defendant is orally informed in open court of his rights and the trial court can personally observe defendant’s demeanor and responses, the purpose of the personally address requirement is achieved. . . . Nor is it fatal to the plea that defendant was informed of his rights before the jury returned a guilty verdict on the principal charge.” Id. at 577 (citations omitted). Thus, the decision of the Court of Appeals in Bender supports this Court’s analysis in the present case in determining that the recital of a right in open court at a *276 time other than the actual plea proceeding is sufficient to satisfy the “personally address” requirement; the Court vacated the guilty plea only because there was a total absence of advice concerning the presumption of innocence. We note, of course, that under current practice, a defendant does not plead guilty to an habitual supplementation.
Therefore, while we agree with the dissent’s view that “[t]his line of precedent firmly establishes [that a complete failure] to advise [a] defendant of his right to be presumed innocent” will continue to result in reversal of a defendant’s guilty plea, we conclude that the above precedent does not stand for the ultimate proposition urged by the dissent: that advice concerning the presumption of innocence delivered at an in-court proceeding close in time to the guilty plea proceeding is insufficient compliance with the court rule. In our view, the above precedent fully supports our conclusion in this case that the advice imparted earlier in the case by the trial court was sufficient compliance with MCR 6.302(B).

 We continue to emphasize the point we made in People v Williams, 386 Mich 277; 192 NW2d 466 (1971), and Jaworski, supra, that it is important for the trial court to make a full and complete record of protecting all the defendant’s rights. Although the trial court’s plea hearing with defendant in this case was otherwise exemplary, the inadvertent omission of one sentence gave rise to three years of appellate review.

 Although we reversed in the Howell case for failure to impart the presumption of innocence information, Guilty Plea Cases, supra at 125, nothing in the opinion suggests that such information was supplied by the judge, or any other participant, at another stage of the proceedings. In other words, Howell represents a complete failure to impart the presumption of innocence information—not an “alternative” impartation of the information as in this case. The same is true of our summary order in People v Lawrence, 413 Mich 866 (1982).

 As indicated by the court rules themselves, and also by this Court’s discussion in Guilty Plea Cases, supra at 126-128, the voluntariness of a defendant’s guilty plea is determined by his awareness of whether there have been any plea or sentence agreements, whether he has been threatened or otherwise coerced into pleading guilty, and whether it is his own choice to plead guilty, MCR 6.302(C), not by whether he has received the information concerning his trial rights.

 There is nothing in the Guilty Plea Cases opinion from which we could conclude that the trial judges in Courtney and Bauer were observing the defendants’ demeanors when the prosecutors imparted the “missing” information, and, of course, the defendants would not have made any response to statements by the prosecutors.

 People v Willsie, 96 Mich App 350, 353; 292 NW2d 145 (1980).