# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

SALAH AL-SHARA,

      Defendant-Appellee.

FOR PUBLICATION
August 18, 2015

No. 320209
Wayne Circuit Court
LC No. 13-008152-AR

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

SAWYER, J. (*dissenting*).

      I respectfully dissent.

      Defendant argues, and the majority agrees, that he is entitled to withdraw his plea because the district court failed to fully and strictly comply with MCR 6.610(E). But reversal is mandated only if a *Jaworski*[1] right is omitted from the plea proceedings. *People v Saffold.*[2] As is acknowledged by everyone in this case, the *Jaworski* rights were not omitted from the proceedings—defendant was advised of them in writing, which he signed. The only failure in this case is the requirement that, where a defendant is advised of his rights in writing, the trial court also must engage in a colloquy on the record that the defendant has read and understood those rights.[3] I would classify this failure as a deviation that "did not affect substantial rights," and, therefore, the trial court was not required to permit withdrawal of the plea.[4] Rather, I would apply the "substantial compliance" requirement under *Saffold*.

      In *People v Saffold*,[5] the Michigan Supreme Court reiterated the principles established in *In re Guilty Plea Cases*, 395 Mich 96, 122; 235 NW2d 132 (1975), and described the doctrine of

---

[1] *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

[2] *People v Saffold*, 465 Mich 268, 273-274; 631 NW2d 320 (2001).

[3] MCR 6.610(E)(4).

[4] MCR 6.610(E)(8)(b).

[5] 465 Mich at 272-274.

substantial compliance with regard to "[t]he procedures governing the acceptance of a guilty plea" under MCR 6.302. The Court stated:[6]

> To determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a "Jaworski right." In *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972), this Court held that a plea of guilty must be set aside where the record of the plea proceedings shows that the defendant was not advised of all three constitutional rights involved in a waiver of a guilty plea: 1) the right to trial by jury, 2) the right to confront one's accusers, and 3) the privilege against self-incrimination, relying on *Boykin v Alabama*, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). *If a Jaworski right is omitted from the plea proceedings, then reversal is mandated.* However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal. *Guilty Plea Cases*, [395 Mich at 122.] [Emphasis added.]

See also *People v Plumaj*, 284 Mich App 645, 649; 773 NW2d 763 (2009).

The majority's conclusion that "the district court failed to substantially comply with the court rules and the deviation in question implicated defendant's *Jaworski* rights"[7] is unsupported by the court rules. Specifically, MCR 6.610(E)(7) provides for a process by which a district court plea may be entered in writing, without the defendant's actually appearing in court. While this case did not involve the written plea procedures under the court rule, the fact that this rule exists belies the majority's conclusion that there must be strict compliance with the colloquy requirements of MCR 6.610(E)(4). That is, MCR 6.610(E)(7) provides for a process in which a plea may taken without such a colloquy; therefore, it cannot be concluded that the failure to engage in such a colloquy requires that the defendant be allowed to withdraw his plea. Rather, I would suggest, we must look to the question of substantial compliance and whether the trial court's decision to not allow defendant to withdraw his plea constituted "a clear abuse of discretion resulting in a miscarriage of justice."[8]

The trial court explained its reasoning in denying defendant's motion to withdraw the plea as follows:

> The motion filed on behalf of Mr. Al-Shara, at the top of page two, suggest [sic] the reason for the motion is "defendant would not have accepted the plea agreement had he been aware of the effect that it would have on his probation in the unrelated case, that is, stated as the motivation and reason for the filing of the motion.

---

[6] 465 Mich at 273-274.

[7] *Ante, slip op* at 14.

[8] *People v Montrose*, 201 Mich App 378, 380; 506 NW2d 565 (1993).

With regard to advice of his rights, the defense concedes that [sic—on?] page one of their brief, that Mr. Al-Shara signed a waiver of rights. That concession is again contained at page five of the defense brief where it states in the first full paragraph, while Mr. Al-Shara concedes that he did sign an Advice of Rights sheet in connection with this case and then it goes on from there so again, he has acknowledged signing the Advice of Rights.

The file does contain a written waiver of rights so he would have had both the Advice of Rights at the Arraignment stage of the proceedings and again, a signed waiver of rights in connection with the plea proceeding itself. There is no indication in the body of the motion or by way of affidavit from Mr. Al-Shara that he actually failed to understand his rights. That allegation is conspicuously absent of the motion. . . . There is no suggestion anywhere in the motion that Mr. Al-Shara was either not advised of or did not understand his rights in full and the effect of waiving those rights by proceeding with a plea at the time, that is, just conspicuously absent from the motion.

"A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law." *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). I cannot say that the district court's decision falls outside the range of principled outcomes. Defendant was advised of his *Jaworski* rights in writing. It is uncontested that he signed that writing. As the district court noted, there is no allegation that defendant did not read or understand those rights. Rather, defendant merely appears to be latching onto a technical failure in the plea-taking process because he is now unhappy with the collateral consequences of his plea on his probation status in another case.

I would reverse the circuit court and reinstate defendant's plea and sentence.


/s/ David H. Sawyer