# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LARRY LIGE,

Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 331511
Oakland Circuit Court
LC No. 1991-108712-FH

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's denial of his motion to withdraw his guilty plea. We affirm.

## I. BACKGROUND

In 1991, defendant pleaded guilty to a charge of larceny from a motor vehicle, MCL 750.356a, and to being a habitual offender, third offense, MCL 769.11. He served his sentence and was discharged. Defendant subsequently moved for relief from this guilty-plea conviction under MCR 6.501 *et seq*. but the motion was denied. This Court denied defendant's delayed application seeking leave to appeal "because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v Lige*, unpublished order of the Court of Appeals, entered April 8, 2016 (Docket No. 331511). The Michigan Supreme Court vacated this Court's order and remanded "for plenary consideration of the defendant's appeal of right," stating:

> There is no dispute in this case that the trial court did not comply with the version of MCR 6.425(E) in effect at the relevant time in 1991, and failed to advise the defendant at sentencing of his appellate rights, including an appeal of right from his plea-based convictions, and appointment of appellate counsel, if indigent. [*People v Lige*, 500 Mich 936 (2017).]

This Court subsequently granted defendant's motion to remand under MCR 7.211(C)(1) to allow defendant to move to withdraw his guilty plea. *People v Lige*, unpublished order of the Court of Appeals, entered June 21, 2017 (Docket No. 331511).

-1-

On remand, defendant argued that he should be allowed to withdraw his 1991 guilty plea because he was not informed that the prosecutor bore the burden to prove him guilty beyond a reasonable doubt and the plea-taking judge only "made an oblique reference to the presumption of innocence." Defendant likened the duty to advise him regarding his plea to the duty to instruct a jury, arguing that these "defect[s]" would require "automatic reversal" of his convictions if made in the jury instructions. Accordingly, defendant averred that his plea was invalid.

The trial court on remand first ruled that the record of the plea demonstrated that defendant was advised of his *Jaworski*[1] rights. The trial court rejected defendant's arguments and ruled that the earlier plea-taking judge "substantially complied with the court rule in accepting defendant's plea and there is no basis to allow defendant to withdraw his plea, based on the arguments presented." Accordingly, the trial court denied defendant's motion to withdraw his plea.

This appeal followed.

## II. ANALYSIS

We review the trial court's denial of defendant's motion to withdraw his guilty plea for an abuse of discretion. *People v Cole*, 491 Mich 325, 329-330; 817 NW2d 497 (2012). The trial court abuses its discretion when it chooses an outcome that is outside the range of reasoned and principled outcomes. *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017). Questions of law, including the retroactive effect of a court's decision, are reviewed de novo. *People v Quinn*, 305 Mich App 484, 489; 853 NW2d 383 (2014).

The trial court may not accept a guilty plea "unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). A plea is voluntary when it is the product of defendant's own choice to plead guilty, and it is accurate when the trial court's questioning of defendant establishes "support for a finding that defendant is guilty of the offense charged or the offense to which the defendant is pleading." MCR 6.302(C),(D). After reviewing the record, we have no concern regarding either requirement. Before the plea-taking judge, defendant stated that he was pleading guilty because he believed he was guilty and the documents provided to the trial court, as well as defendant's admission of guilt, provided sufficient support for the plea-taking judge to find that defendant committed the offense.

At issue in this appeal is whether defendant's plea was understanding. A plea is understanding when the defendant is informed of the offense for which he is charged, the possible sentence associated with a conviction of that offense, and the essential rights he is giving up by pleading guilty. MCR 6.302(B). Defendant does not argue that the plea-taking judge failed to inform him of the charged offense or the possible sentence. Rather, defendant argues that he was not informed of several essential rights he waived by pleading guilty. The court rule requires the trial court to inform a defendant pleading guilty of each of nine essential

---

[1] *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

rights of trial. MCR 6.302(B). Among the essential rights of trial are the right "to be tried by a jury," the right "to be presumed innocent until proved guilty," and the right "to have the prosecutor prove beyond a reasonable doubt that the defendant is guilty." MCR 6.302(B)(3)(a)-(c).[2]

1973 marks the first codification of this version of the rule in our court rules. *People v Saffold*, 465 Mich 268, 272; 631 NW2d 320 (2001). In 1974, on first impression of the predecessor rule to our current MCR 6.302,[3] the Supreme Court concluded that "strict adherence" with the requirements of the court rule was "mandatory" to sustain the plea. *People v Shekoski*, 393 Mich 134; 224 NW2d 656 (1974). Just a year after *Shekoski* was decided, however, the Supreme Court abandoned the strict-adherence standard in favor of a doctrine of substantial compliance. *In re Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975). Thus, since 1975, the rule in this jurisdiction has been that whether a departure from the court rule requires reversal "will depend on the nature of the noncompliance." *Id*. at 113; see also *Saffold*, 465 Mich at 273.[4]

The relevant determination on appeal is whether the record confirms that the defendant "understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents." *Saffold*, 465 Mich at 273. In making this determination, three rights are inviolable. Collectively known as the *Jaworski* rights, a guilty plea must be set aside if the trial court "omitted" advice informing the defendant of his right to a jury trial, his right to confront his accuser, or his privilege against self-incrimination. *Id*. In essence, strict adherence remains the rule for an outright omission of a *Jaworski* right. A "misstatement" of one of the *Jaworski* rights, however, is subject to the substantial-compliance doctrine. *Id*. at 273-274, citing *In re Guilty Plea Cases*, 395 Mich at 122. Apart from the

---

[2] Other essential rights include the right:

> (d) to have the witnesses against the defendant appear at the trial;
>
> (e) to question the witnesses against the defendant;
>
> (f) to have the court order any witnesses the defendant has for the defense to appear at the trial;
>
> (g) to remain silent during the trial;
>
> (h) to not have that silence used against the defendant; and
>
> (i) to testify at the trial if the defendant wants to testify. [MCR 6.302(B)(3).]

[3] GCR 1963, 785.7.

[4] The substantial-compliance doctrine, however, does not apply to the trial court's duty under MCR 6.302(B)(2) to inform the defendant of the charges against him and the possible sentence attendant to those charges. *People v Brown*, 492 Mich 684, 698; 822 NW2d 208 (2012). The remedy for the trial court's failure to advise a defendant of information about his sentence entitles the defendant to withdraw his plea. *Id*.

*Jaworski* rights, the omission or misstatement of one of the rights listed in MCR 6.302(B) "does not necessarily require reversal." *Id*.

Defendant argues that his plea was not understanding because the trial court failed to advise him of his right to have the prosecutor prove his case beyond a reasonable doubt and his right to be presumed innocent. We address each argument in turn.

### A. PROOF BEYOND A REASONABLE DOUBT

The prosecutor agreed that the plea-taking judge did not advise defendant that the prosecutor had the burden to prove guilt beyond a reasonable doubt. Even the complete omission of any advice regarding this right, however, will not result in an unknowing plea if defendant was sufficiently informed of his right to a trial and understood the rights he was giving up by pleading guilty. In this case, defendant was specifically informed of his right to a jury trial. Moreover, defendant was told that "the Prosecutor has to bring in all of the witnesses," indicating that the prosecutor had the burden of proof. Defendant was informed of most of his other trial rights and was informed that by pleading guilty he would waive his right to a trial and the rights that had been explained to him. Although the plea-taking judge did not explicitly state that the prosecutor's burden of proof was "beyond a reasonable doubt," we do not find that omission alone sufficient to conclude that defendant's plea was not an understanding one.

### B. PRESUMPTION OF INNOCENCE

Defendant admitted in the trial court that advice concerning the presumption of innocence was partially given; indeed, defense counsel stated that the presumption was "obliquely" referenced. As the prosecutor noted, the plea-taking judge advised defendant: "You realize, sir, that you don't have to plead guilty, can't be forced to plead guilty, and the mere fact that you're accused of these two charges in no way makes you guilty of either one of them, you understand that?" Defendant responded, "Yes, Your Honor."

The plea-taking judge's statement goes to the core of the presumption of innocence: despite the charges against him, defendant was legally innocent of the crime until (referencing the advice previously discussed) the prosecutor proved his case against him. Thus, despite the plea-taking judge not using the exact phraseology adopted in the court rule, we conclude that defendant understood the presumption of his innocence and voluntarily waived that right by way of his plea. See *Saffold*, 465 Mich at 273; *id*. at 291 n 6 (Markman, J., dissenting) (reasoning that a trial court would substantially comply with the court rule by advising "the defendant that he had a right to be presumed 'not guilty' as opposed to being presumed 'innocent' "). Thus, the plea-taking judge substantially complied with MCR 6.302 when informing defendant of his presumption of innocence.

Defendant, however, argues that substantial compliance is insufficient with regard to the presumption of innocence—at least in this case. Defendant acknowledges that, in *Saffold*, the Supreme Court conclusively determined that the presumption of innocence was not a *Jaworski*-type right and that substantial compliance applies to the trial court's advice concerning the presumption. Defendant argues, however, that at the time he entered his plea in 1991, the presumption of innocence enjoyed the status of a quasi-*Jaworski* right, meaning that the plea-

taking judge had to adhere strictly to the requirement to explain the "presumption of innocence" to defendant. We disagree.

Even assuming arguendo that the presumption of innocence enjoyed the status of a quasi-*Jaworski* right at the time he entered his plea, the trial court's advice would still be subject to substantial compliance. Following *In re Guilty Plea Cases*, 395 Mich at 120-122, which was decided some 16 years before defendant entered his plea, automatic reversal is the rule only for the trial court's complete omission of any instruction regarding a *Jaworski* right. See also, *Saffold*, 265 Mich at 273. When, however, the trial court gives an instruction regarding a *Jaworski* right, but imprecisely recites the right, substantial compliance is the relevant standard. *In re Guilty Plea Cases*, 295 Mich at 122; see also *Saffold*, 265 Mich at 273-274. As explained earlier, the plea-taking judge did not completely omit an instruction regarding the presumption of innocence. Rather, the plea-taking judge imprecisely recited the right, essentially advising defendant that he was presumed to be not guilty until the prosecution proved otherwise. As we have already concluded, the plea-taking judge's advice substantially complied with the court rule. Therefore, defendant has not shown that his plea was not understanding and the trial court did not err by denying defendant's motion to withdraw his plea.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien