PEOPLE v WILLSIE

Docket No. 78-4259. Submitted November 14, 1979, at Lansing.—
Decided February 25, 1980.

Gordon P. Willsie entered a plea of guilty but mentally ill to the
offense of criminal sexual conduct in the first degree. Prior to
acceptance of the plea, the Hillsdale Circuit Court, Kenneth G.
Prettie, J., advised defendant of the constitutional rights which
he would be waiving upon the acceptance of his plea. The plea
of guilty but mentally ill was accepted. At sentencing, the trial
court, at the request of the prosecutor, obtained a more de-
tailed factual basis for the crime. The trial court did not again
advise the defendant of the constitutional rights that were
being waived before securing this more detailed factual basis.
Defendant was thereafter sentenced to life imprisonment. De-
fendant appeals. *Held:*

1. There is no error arising out of the failure of the trial
judge to again advise defendant of the constitutional rights
which his guilty plea waived before proceeding with the taking
of the more detailed factual basis at the sentencing hearing.
This is particularly true where the defendant has not asserted
that the plea was coerced or given in ignorance, and the record
gives no indication that the plea was not voluntarily, know-
ingly and understandingly made.

2. The guilty but mentally ill statute does not violate the
title-object provision of the Michigan Constitution. Neither does
that statute violate the re-enact and republish provision of the
Michigan Constitution. Accordingly, the circuit court had juris-
diction to determine whether defendant was mentally ill at the
time of his offense.

3. Defendant's contention that his guilty plea is rendered

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 484-486.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[2] 21 Am Jur 2d, Criminal Law §§ 31-45.
73 Am Jur 2d, Statute §§ 22, 322-324.
[3] 21 Am Jur 2d, Criminal Law § 505.
60 Am Jur 2d, Penal and Correctional Institutions § 4.

invalid by reason of the fact that the plea was based upon a promise of psychiatric treatment which has not been kept is not supported by the record on appeal. No evidence in the record supports the allegation that defendant is not receiving proper care. Further, if the Department of Corrections is failing to provide the statutorily mandated psychiatric care, the appropriate remedy is a complaint for a writ of mandamus to compel the department to carry out its duty, not the setting aside of the guilty plea.

Affirmed.

1. CRIMINAL LAW — PLEA OF GUILTY — CONSTITUTIONAL RIGHTS — WAIVER OF RIGHTS — ADVICE OF RIGHTS — READVISEMENT OF RIGHTS — COURT RULES.

A defendant who is advised at the time of the taking of a guilty plea of the constitutional rights which he waives by his plea need not be again advised of those rights where, at sentencing, the trial court, at the request of the prosecutor, obtains a more detailed factual basis for the crime and the defendant does not assert that the plea was coerced or given in ignorance and nothing in the record indicates that the plea was not voluntarily, knowingly and understandingly made (GCR 1963, 785.7).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — GUILTY BUT MENTALLY ILL — TITLE-OBJECT CLAUSE — RE-ENACT AND REPUBLISH CLAUSE — STATUTES.

The guilty but mentally ill statute is not constitutionally invalid under the title-object provision of the Michigan Constitution, nor is the trial court lacking in jurisdiction to determine whether a defendant is mentally ill at the time of the offense since that statute does not violate the re-enact and republish provision of the Michigan Constitution (Const 1963, art 4, §§ 24, 25, MCL 768.36[2]; MSA 28.1059[2]).

3. CRIMINAL LAW — PLEA OF GUILTY — PROMISES — PSYCHIATRIC TREATMENT — APPEAL — RECORD ON APPEAL — APPROPRIATE REMEDY — MANDAMUS.

A guilty plea is not rendered invalid by reason of the fact that the plea was based upon the promise that the defendant would receive adequate psychiatric treatment and a defendant claims he is not receiving such treatment where the Court of Appeals finds nothing in the record before it establishing that the defendant is not receiving proper care; further, the appropriate remedy, if the Department of Corrections is failing to provide adequate care, is a complaint for a writ of mandamus to compel

the department to carry out its duty, not the setting aside of the guilty plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald C. Zeller,* Prosecuting Attorney (by *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and CYNAR and A. M. BACH,* JJ.

PER CURIAM. Defendant Gordon Willsie appeals of right his conviction of July 7, 1978, based on his plea of guilty but mentally ill to the offense of criminal sexual conduct in the first degree. MCL 750.520b(1); MSA 28.788(2)(1). On July 17, 1978, he was sentenced to life imprisonment. We affirm.

We reject defendant's argument that he is entitled to have his plea vacated because he was not readvised on July 17, 1978, of the rights contained in the court rule. On July 7, 1978, defendant was advised of the constitutional rights that he would be waiving by pleading guilty. Although defense counsel waived "any further detail" in the factual basis for the crime, the prosecutor objected to the lower court's acceptance of the plea without a more complete statement of its factual basis. Notwithstanding the prosecutor's objection, the lower court accepted defendant's plea. However, at the July 17 sentencing, the lower court granted the prosecutor's request and obtained a more detailed factual basis for the crime. At no time between the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

date that he offered his plea and the date of his sentencing did defendant seek to withdraw his plea.

Defendant's argument on this point has less merit than that presented by the appellant in *People v Kosecki,* 73 Mich App 293; 251 NW2d 283 (1977). There, a panel of this Court rejected a similar argument despite the fact that in that case the defendant had attempted to withdraw his plea prior to the date of sentencing. Further, under the holding of the Supreme Court in the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977), even if the lower court had not obtained on July 17 a more detailed statement of the factual basis of the crime, defendant would not, for that reason alone, be entitled to withdraw his plea. Rather, it would be the duty of this Court to remand and permit the prosecutor to establish a factual basis for the plea.

The recital of constitutional rights enumerated in GCR 1963, 785.7 is not a mere talismanic chant that simply validates guilty pleas. Rather, its practical purpose is to ensure that a defendant who wishes to plead guilty to a criminal charge does so voluntarily with full knowledge and understanding of his actions. Nothing contained in the record before us would lead us to believe that defendant's plea was not voluntarily, knowingly or understandingly made. Further, defendant does not even assert in this appeal that his plea was coerced or given in ignorance. Therefore, we decline to accept defendant's argument and reduce court rule 785.7 to the status of a pro forma litany.

Defendant also raises several constitutional challenges to the validity of the guilty but mentally ill statute. MCL 768.36(2); MSA 28.1059(2). Defen-

dant's argument that the lower court lacked the jurisdiction to make a determination as to whether he was mentally ill at the time of the offense and his argument that the guilty but mentally ill statute violates the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24, were both raised and disposed of by this Court in *People v Sharif,* 87 Mich App 196; 274 NW2d 17 (1978).

We are not persuaded by defendant's argument that the guilty but mentally ill statute violates Const 1963, art 4, § 25, because the Legislature did not re-enact and republish certain sections of the Mental Health Code that defendant claims were amended by the guilty but mentally ill statute. Specifically, defendant claims that the guilty but mentally ill statute amended § 400(g) of the Mental Health Code. MCL 330.1400(g); MSA 14.800(400)(g). This section of the Mental Health Code defines the term "court" for purposes of Chapter 4 of the Mental Health Code. However, we note that the criminal provisions of the Mental Health Code are set forth in Chapter 10 of the Code, MCL 330.2000-330.2050; MSA 14.800(1000)-14.800(1050), and in that chapter the term "court" is undefined. Therefore, because the scope of the term "court" in Chapter 10 of the Mental Health Code was not altered by passage of the guilty but mentally ill statute, Const 1963, art 4, § 25 has not been violated.

Defendant's final appellate argument is that his plea was illusory because it was based upon a promise that he would receive special psychiatric treatment and no such special treatment has been given him. We find no evidence in the record to support this allegation. As was noted in *People v Sorna,* 88 Mich App 351, 362; 276 NW2d 892 (1979), if the Department of Corrections is failing

to provide the psychiatric care required under the guilty but mentally ill statute, the appropriate remedy would be a complaint for a writ of mandamus to compel the Department of Corrections to carry out its duty. Nonetheless, on the record before us we cannot say that defendant is not receiving proper care.

Affirmed.