PEOPLE v ANDERSON

Docket No. 171180. Submitted February 15, 1995, at Grand Rapids.
Decided April 28, 1995, at 9:05 A.M.

Scott J. Anderson pleaded guilty in the Kalamazoo Circuit Court,
William G. Schma, J., of possession of less than twenty-five
grams of cocaine and of being a fourth-offense habitual of-
fender. Under a separate complaint in the same court, the
defendant pleaded guilty of resisting and obstructing a police
officer and of being a third-offense habitual offender. Because
the defendant had absconded on his bond while awaiting trial
for cocaine possession at the time of the resisting and obstruct-
ing offense, the sentences he received as an habitual offender
were made consecutive. The defendant appealed.

The Court of Appeals *held:*

The use of the same prior felonies to support the habitual
offender convictions in this case does not violate the double
jeopardy protection against multiple punishment for the same
offense. The habitual offender statute does not create a separate
substantive offense in providing for sentence enhancement. The
defendant was punished once for the cocaine conviction and
once for the resisting and obstructing conviction.

Affirmed.

SENTENCES — HABITUAL OFFENDERS — CONSTITUTIONAL LAW — DOU-
BLE JEOPARDY.

The double jeopardy protection against multiple punishment for
the same offense is not implicated where a defendant receives
two consecutive prison sentences, each of which is enhanced on
the basis of habitual offender status, and the second sentence is
for an offense that was committed while absconding from bond
granted during the pendency of the first charge (US Const, Am
V; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Criminal Law § 249; Habitual Criminals and Subse-
quent Offenders § 5.
See ALR Index under Double Jeopardy.

*Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judith B. Ketchum,* Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant on appeal.

Before: NEFF, P.J., and SAWYER and MARKEY, JJ.

NEFF, P.J.

I

In lower court Docket No. 92-000236-FH, defendant pleaded guilty of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a) (v); MSA 14.15(7403)(2)(a)(v), and of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. In lower court Docket No. 93-000766-FH, defendant pleaded guilty of resisting and obstructing a police officer, MCL 750.479; MSA 28.747, and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Both guilty pleas were taken at the same time, and were in exchange for the prosecution's agreement to drop a number of additional charges.

Defendant was sentenced to four to fifteen years' imprisonment as an habitual offender in Docket No. 92-000236-FH, and to sixteen to forty-eight months' imprisonment as an habitual offender in Docket No. 93-000766-FH. The circuit court ordered defendant's sentences to run consecutively because he was on bond, and had absconded from that bond, while awaiting trial on the cocaine charge when he committed the crime of resisting and obstructing a police officer. Defendant appeals as of right from the consecutive nature of his sentences and we affirm.

II

The issue raised by defendant involves whether it is constitutionally permissible to use the same prior felonies to support different habitual offender convictions. Defendant argues that the consecutive nature of his sentences violates his constitutional right against double jeopardy because in each case the same prior felonies were used to support his convictions as an habitual offender.

A

Defendant's claim must be evaluated in light of the protection afforded by the state and federal constitutions. According to both constitutions, criminal defendants are protected from, among other things, multiple punishments for the same *offense*. US Const, Am V; Const 1963, art 1, § 15; *People v Whiteside*, 437 Mich 188, 200; 468 NW2d 504 (1991). Thus, if the habitual offender statute creates a substantive offense, being punished twice on the basis of identical prior felonies would violate a defendant's right against double jeopardy.

In *People v Oswald (After Remand)*, 188 Mich App 1; 469 NW2d 306 (1991), this Court considered whether the habitual offender statute created a substantive offense. The defendant argued that because of the additional jail time he was facing as an habitual offender, he was entitled to twenty peremptory challenges.[1] This Court disagreed, holding:

The habitual-offender statute does not create a substantive offense that is separate from and inde-

---

[1] At the time of the defendant's trial, he would be entitled to twenty peremptory challenges pursuant to the then-existing MCR 6.102(B) and MCL 768.13; MSA 28.1036 if his "charged offense" was punishable by life imprisonment. *Oswald, supra* at 9.

pendent of the principal charge. Rather, it is a sentence-enhancement procedure with a deterrent and punitive purpose. [*Id.* at 12.]

## B

Because the habitual offender statute does not create a separate offense, defendant's double jeopardy argument must fail. Defendant was punished once for his controlled substance violation, and once for resisting and obstructing a police officer, clearly two separate crimes, each of which occurred on separate occasions. *Whiteside, supra.* The additional jail time he received because of his habitual offender status did not result from additional substantive offenses. See also *People v Hambrick,* 169 Mich App 554, 557; 426 NW2d 702 (1988), and *People v Gren,* 152 Mich App 20, 26; 391 NW2d 508 (1986). Accordingly, the double jeopardy protection against multiple punishments for the same offense is not implicated. Moreover, Michigan courts have already determined that the habitual offender statute does not violate a defendant's right against double jeopardy. *In re Pardee,* 327 Mich 13, 18; 41 NW2d 466 (1950); *People v Potts,* 55 Mich App 622; 223 NW2d 96 (1974).

Accordingly, defendant's consecutive sentences for separate crimes do not violate his right against double punishment.

Affirmed.