PEOPLE v WYRICK

Docket No. 250776. Submitted February 8, 2005, at Grand Rapids.
Decided March 22, 2005, at 9:05 a.m. Leave to appeal sought.

Donald Wyrick was convicted by a jury in the Muskegon Circuit
Court of possession with intent to deliver less than fifty grams of
cocaine and possession of marijuana. The court, James M. Graves,
Jr., J., sentenced the defendant to a prison term of sixteen months
to two years for the marijuana conviction under MCL 333.7413(2),
which permits an increased sentence on conviction of a second
controlled-substance offense. The court also sentenced the defen-
dant as a fourth-offense habitual offender, MCL 769.12, to an
increased sentence for the cocaine conviction. The court ordered
that the sentences be served consecutively, and concluded that the
convictions were reportable to the Secretary of State. The defen-
dant appealed.

The Court of Appeals *held*:

1. The trial court was required to order consecutive sentences
under the version of MCL 333.7401(3) in effect at the time of the
offenses, which required a consecutive sentence when a term of
imprisonment was imposed for another felony. While possession of
marijuana is a misdemeanor under MCL 333.7403(2)(d), the
subsequent-offender provision of the Public Health Code, MCL
333.7413(2), authorizes imprisonment for not more than two years
for the marijuana conviction because the defendant was previously
convicted of a controlled-substance offense. This constitutes a
"felony" under the plain and ordinary meaning of that term
because it is punishable by imprisonment for more than one year,
and consecutive sentencing was thus mandatory because a term of
imprisonment was imposed for another felony.

2. The prosecutor was not required to prove the defendant's
prior conviction to the jury beyond a reasonable doubt for the trial
court to sentence the defendant for possession of marijuana as a
second offense, even though the prior conviction transformed the
offense from a misdemeanor to a felony.

3. Because the defendant was not operating a motor vehicle
when he was arrested for the controlled-substance offenses, his
convictions for those offenses are not reportable to the Secretary of

State under MCL 257.625(20)(a) or MCL 333.7408a(1)(b) and (12)(a). The part of the defendant's sentence requiring the report was invalid, and remand for entry of a corrected judgment of sentence is necessary.

4. The trial court erred by enhancing the defendant's sentence for the cocaine conviction under the general habitual-offender statute rather than the subsequent-offender provision of the Public Health Code. On remand, the judgment of sentence must be corrected to reflect enhancement under the proper statute.

Convictions affirmed, sentence set aside in part, and case remanded for correction of the judgment of sentence.

FITZGERALD, J., concurring in part and dissenting in part, disagreed that possession of marijuana as a second offense constituted a felony for purposes of consecutive sentencing under MCL 333.7401(3). The Legislature designated possession of marijuana as a misdemeanor. Habitual-offender statutes are merely sentence-enhancement mechanisms, rather than substantive crimes, and sentence enhancement does not convert the misdemeanor of possession of marijuana to a felony. Judge FITZGERALD would hold that the trial court erred by ordering consecutive sentences.

1. CONTROLLED SUBSTANCES — POSSESSION OF MARIJUANA — SUBSEQUENT OFFENSE — FELONY.

A conviction for possession of marijuana as a second or subsequent offense for which a term of imprisonment of more than one year is imposed is a felony for purposes of the consecutive-sentencing provision of the Public Health Code (MCL 333.7401[3], 333.7403[2][d]).

2. CRIMINAL LAW — PRIOR CONVICTIONS — PROOF — INCREASED SENTENCES.

A prosecutor is not required to prove a defendant's prior conviction to the jury beyond a reasonable doubt for the trial court to treat the defendant as a subsequent offender and increase the defendant's sentence on the basis of that conviction, even if the prior conviction transforms the offense from a misdemeanor to a felony.

3. SENTENCES — REPORTS OF CONVICTIONS TO SECRETARY OF STATE.

Ordering a defendant's conviction reported to the Secretary of State pursuant to an inapplicable statute renders that portion of the defendant's sentence invalid, and is a plain error affecting the defendant's substantial rights that requires correction of the judgment of sentence.

4. CONTROLLED SUBSTANCES — SENTENCES — SUBSEQUENT OFFENDERS.

> If a trial court elects to exercise its discretion to enhance the
> sentence of a defendant convicted of a subsequent felony that is a
> major controlled-substance offense, the court must do so under the
> subsequent-offender provision of the Public Health Code rather
> than the general habitual-offender statute (MCL 333.7413[2],
> 769.12[1][c]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Matt J. Roberts*, Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann* for the defendant.

Before: SCHUETTE, P.J., and FITZGERALD and BANDSTRA, JJ.

BANDSTRA, J. Defendant appeals as of right his jury trial convictions for possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to forty-six months to thirty years in prison for the conviction for possession with intent to deliver cocaine, and as a second-offense controlled-substance offender, MCL 333.7413(2), to a consecutive term of sixteen months to two years in prison for the conviction for possession of marijuana, MCL 333.7401(3).

Defendant first argues that trial court erred by ordering his sentences to be served consecutively instead of concurrently. Specifically, defendant contends that his conviction for possession of marijuana, second offense, does not constitute "another felony" within the meaning of the term in the consecutive-sentencing provision of the Public Health Code, MCL 333.7401(3),

and, therefore, his sentence for that conviction should not have been imposed to run consecutively to his conviction for possession with intent to deliver cocaine. Defendant argues that MCL 333.7403(2)(d) defines possession of marijuana as "a misdemeanor punishable by imprisonment for not more than 1 year," and that the subsequent-offender provision, MCL 333.7413(2), which authorizes imprisonment "for a term not more than twice the term otherwise authorized," i.e., two years in this case, does not convert possession of marijuana from a misdemeanor to a felony for purposes of the consecutive-sentencing provision of the controlled-substance article of the Public Health Code, MCL 333.7401(3). We disagree.

Whether the trial court properly imposed consecutive sentences is a question of law, which we review de novo. *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). A consecutive sentence may be imposed only if it is specifically authorized by statute. *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999). The version of MCL 333.7401(3) that was in effect on the date the crime was committed in this case provided that a term of imprisonment imposed pursuant to MCL 333.7401(2)(a) "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony." Therefore, we must determine whether a conviction for possession of marijuana, second offense, constitutes "another felony" for purposes of the consecutive-sentencing provision set out in MCL 333.7401(3).

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). If a statute is clear, it must be enforced as plainly written; however, if a statute is susceptible to

more than one interpretation, judicial construction is proper to determine legislative intent. *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002), aff'd 469 Mich 904 (2003). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Id.*

Our Supreme Court has explained that

> [t]he enhancement of punishment through consecutive sentencing is a legislative action taken for the ostensible purpose of deterring certain criminal behavior. With its focus on enhancement of the punishment for commission of certain controlled substances offenses, it is apparent that the aim of [MCL 333.7401(3)] is to deter commission of those offenses by mandating that sentences imposed for the drug crimes enumerated in the statute run consecutively to sentences imposed for other felonies. Absent a convincing indication that the Legislature meant the term to be interpreted in a limited manner, or a convincing argument that limitation would advance the goal of the sentence enhancement provision, a broad definition of "another felony" provides the most sensible and reasonable interpretation of the legislative expression embodied in the statute, in view of the subject matter of the law and the goal of consecutive sentencing. [*People v Morris*, 450 Mich 316, 327-328; 537 NW2d 842 (1995) (citation omitted).]

Of similar import, MCL 333.1111(2) provides that the Public Health Code "shall be liberally construed for the protection of the health, safety, and welfare of the people of this state."

Because "felony" is not defined in the Public Health Code, we must accord the word its plain and ordinary meaning, considering the context in which the word is used. *People v Disimone*, 251 Mich App 605, 610; 650 NW2d 436 (2002). "This Court may consult dictionaries in order to discern the plain and ordinary meaning of terms not defined in the statute." *Id.* Because "felony"

is "a legal term of art, resort to a legal dictionary to determine its meaning is appropriate." *People v Jones*, 467 Mich 301, 304-305; 651 NW2d 906 (2002). Black's Law Dictionary (7th ed) defines "felony" as "[a] serious crime [usually] punishable by imprisonment for more than one year or by death." According the term "felony" its plain and ordinary meaning, possession of marijuana, second offense, constitutes a felony within the meaning of the statute because it is punishable by up to two years in prison under MCL 333.7413(2). Therefore, possession of marijuana, second offense, qualifies as "another felony" for which consecutive sentencing was mandatory under MCL 333.7401(3). Further, interpreting MCL 333.7401(3) to mandate a sentence consecutive to any term of imprisonment imposed for the commission of "another felony," including possession of marijuana, second offense, is in keeping with a liberal construction to deter controlled-substance crimes for the protection of the public health, safety, and welfare. *Spann, supra* at 531.

We agree with defendant's contention that the prosecution and the trial court mistakenly relied on the definitions of "felony" found in the Michigan Penal Code, MCL 750.7, and the Code of Criminal Procedure, MCL 761.1(g), to support their position that possession of marijuana, second offense, is a felony. In *People v Hughes*, 217 Mich App 242, 245-246; 550 NW2d 871 (1996), this Court, relying on *Morris*, held that the definition of "felony" in the Michigan Penal Code, MCL 750.7, should not be used to determine the scope of the definition of "another felony" in MCL 333.7401(3), because the Michigan Penal Code "specifically provides that the definition provided therein applies to that act only, and the statutory provision in question here is not part of that code, but part of the Public Health Code." Similarly, the definition of "felony" in the Code of

Criminal Procedure applies only "[a]s used in this act,"
MCL 761.1, and in *People v Smith*, 423 Mich 427, 444;
378 NW2d 384 (1985), our Supreme Court held:

> It is obvious that the Penal Code definitions [of misde-
> meanor and felony] apply only to the Penal Code. Similarly,
> the definitions [of misdemeanor and felony] in the Code of
> Criminal Procedure are limited in application to that code.
> To apply the definition of misdemeanor in one statute to
> the operations of the other statute would defeat the pur-
> poses of the other statute.

Thus, the definitions of felony found in the Michigan
Penal Code and the Code of Criminal Procedure apply
to those codes only and should not be used to supplant
the Public Health Code's classification of possession of
marijuana as a misdemeanor. Nevertheless, relying on
the principles of statutory construction set out earlier,
we find that possession of marijuana, second offense,
qualifies as "another felony" for which consecutive
sentencing was mandatory under MCL 333.7401(3).
Therefore, we affirm the trial court's denial of defen-
dant's motion for resentencing, even though the court
reached the right result for the wrong reason. *People v
Monaco*, 262 Mich App 596, 608; 686 NW2d 790 (2004).

Defendant next argues that he was deprived of his
constitutional right to due process when the trial court
increased his sentence on the basis of his prior convic-
tion for possession of marijuana when that fact was
not decided by the jury. Defendant failed to raise this
issue at sentencing or in his motion for resentencing;
therefore, our review of this claim of unpreserved,
constitutional error is limited to plain error affecting
substantial rights. *People v Carines*, 460 Mich 750,
764, 774; 597 NW2d 130 (1999).

Defendant cites *Apprendi v New Jersey*, 530 US
466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), for the

proposition that a trial court may not increase a defendant's sentence on the basis of facts not decided by the jury. However, *Apprendi* specifically provides that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added).[1] Therefore, it was unnecessary for the prosecution to prove defendant's prior conviction of possession of marijuana to the jury beyond a reasonable doubt in order for the trial court to sentence him for possession of marijuana, second offense.

Additionally, our Supreme Court has held that "[i]n creating a sentence enhancement provision in the controlled substance act, the Legislature took a factor, the defendant's prior criminal convictions, a traditional consideration in determining a defendant's sentence, and authorized a weight to be given that factor, i.e., not more than twice the term authorized." *People v Eason*, 435 Mich 228, 232; 458 NW2d 17 (1990). "The statute is directed to facts which relate to the criminal, not to the crime, and nothing in the act suggests a proceeding other than that comporting with the fundamental due process requirement that a sentence must be based on

---

[1] This is known as the *Almendarez-Torres* exception to *Apprendi*. *Almendarez-Torres v United States*, 523 US 224; 118 S Ct 1219; 140 L Ed 2d 350 (1998). In *United States v Rodriguez-Gonzalez*, 358 F3d 1156, 1158 (CA 9, 2004), the Court of Appeals for the Ninth Circuit held that when "the earlier offense operates not merely to increase a defendant's sentence, but to transform his second offense from a misdemeanor to a felony," the *Almendarez-Torres* exception to *Apprendi* is inapplicable, and the prior conviction must be charged in the information in order to be used to increase a defendant's sentence. However, while defendant relies on *Rodriguez-Gonzalez* to support his argument, we decline to follow it. We are not bound to follow decisions of federal courts of appeals, *People v Harris*, 470 Mich 882 (2004), citing *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004), and we find the *Rodriguez-Gonzalez* analysis unconvincing.

accurate information and a defendant have a reasonable opportunity at sentencing to challenge such information." *Id.* at 232-233. Therefore, "[d]ue process does not require the prosecutor to charge the prior drug conviction in the information in order for the defendant's sentence to be enhanced on the basis of the prior conviction because the prior offense is not an element of a separate charge. Nor is the defendant entitled to a trial-type procedure regarding the use of the defendant's prior drug convictions for sentencing purposes." *Id.* at 233. Defendant has not demonstrated plain error affecting his substantial rights; therefore, he is not entitled to relief on this unpreserved issue.

Defendant next argues that the trial court erred by finding that his convictions were reportable to the Secretary of State. We agree. Defendant failed to raise this issue at sentencing or in his motion for resentencing; therefore, our review of this unpreserved issue is limited to plain error affecting defendant's substantial rights. *People v Sexton*, 250 Mich App 211, 227-228; 646 NW2d 875 (2002). We initially note that the judgment of sentence indicates that defendant's convictions were "reportable to the Secretary of State under MCL 257.625(20)(b)." However, MCL 257.625(20)(a) is the subsection that provides that, if a defendant is found guilty of operating a motor vehicle under the influence of or while impaired due to the consumption of a controlled substance, the trial court shall report the finding to the Secretary of State. Defendant was not operating a motor vehicle at the time of his arrest for the controlled-substance violations in this case; therefore, his convictions were not properly reportable to the Secretary of State pursuant to MCL 257.625(20)(a).

The prosecution argues that the defendant's convictions were reportable to the Secretary of State pursuant

to MCL 333.7408a(1)(b) and (12)(a). We disagree. MCL 333.7408a(12)(a) provides that the trial court shall "[t]ransmit a record of each order issued under this section to the secretary of state." While MCL 333.7408a(1)(b) provides for orders to the Secretary of State to suspend operator's licenses in certain situations, MCL 333.7408a(11) provides that "[a] court shall not order the suspension of a person's license if the person is sentenced to . . . a minimum term of imprisonment that exceeds 1 year . . . ." Because defendant's minimum term of imprisonment exceeded one year, his license could not be suspended pursuant to MCL 333.7408a(11). The trial court erred by finding that defendant's convictions were reportable to the Secretary of State under MCL 257.625(20)(a), and we decline to adopt the prosecution's argument that transmittal of the record of an order to the Secretary of State was warranted under MCL 333.7408a(12)(a).

Because "[a] sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts," *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997), the trial court's finding that defendant's convictions were reportable to the Secretary of State constituted an invalid aspect of the sentence. Therefore, a plain error occurred that affected defendant's substantial rights. *Carines, supra* at 763. Defendant was prejudiced because the error affected the outcome of the lower court proceedings, i.e., part of his sentence was invalid. *Id.* Because the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings, defendant is entitled to relief on this unpreserved issue. *Id.* Therefore, we remand for entry of a corrected

judgment of sentence that does not indicate that defendant's convictions are reportable to the Secretary of State. *People v Thomas*, 447 Mich 390, 393-394; 523 NW2d 215 (1994).

Additionally, in the interest of justice and because this matter must otherwise be remanded for correction of defendant's sentence, we address an issue not raised by the parties. The trial court enhanced defendant's sentence for possession with intent to deliver less than fifty grams of cocaine pursuant to the general habitual-offender statute, MCL 769.12. However, if it elected to exercise its discretion to enhance defendant's sentence for a "subsequent felony" that was a "major controlled substance offense," the trial court was required to do so under the subsequent-offender provision of the Public Health Code, MCL 333.7413(2).

This Court has held that "[a]s a specific and comprehensive measure the [controlled-substance article's] sentence-augmentation provision controls over the general habitual offender statute." *People v Edmonds*, 93 Mich App 129, 135; 285 NW2d 802 (1979). Further, the fourth-offense habitual-offender statute provides that "[i]f the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code . . . ." MCL 769.12(1)(c). Because possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv), falls within the definition of a "major controlled substance offense" set out in MCL 761.2(a), the trial court, if it elected to exercise its discretion to enhance defendant's sentence, was required to do so under the subsequent-offender provision of the Public Health Code, which authorizes enhancement to "a term not more than twice the term otherwise authorized . . . ." MCL 333.7413(2).

The authorized punishment for possession with intent to deliver less than fifty grams of cocaine is imprisonment for not more than twenty years. MCL 333.7401(2)(a)(iv). Because defendant was a second-offense controlled-substance offender, the trial court had the discretion to sentence defendant to a maximum term of forty years. The trial court imposed a sentence of forty-six months to thirty years in prison. Although the judgment of sentence indicates that defendant's sentence was enhanced pursuant to the fourth-offense habitual-offender provision set out in MCL 769.12, it also fell within the limitations set out by the subsequent-offender provision of the Public Health Code, MCL 333.7413(2). Therefore, we affirm defendant's sentence, but direct the trial court on remand to delete the reference in the judgment of sentence to enhancement pursuant to the habitual-offender statute, MCL 769.12, and to include a reference to enhancement pursuant to the subsequent-offender provision of the Public Health Code, MCL 333.7413(2).

We affirm defendant's convictions, set aside the sentence in part, and remand for correction of the judgment of sentence, MCR 6.429(A), as required by this opinion. MCR 7.216(A)(7). We do not retain jurisdiction.

SCHUETTE, P.J., concurred.

FITZGERALD, J. (concurring in part and dissenting in part). I respectfully dissent from the majority's conclusion that possession of marijuana, second offense, constitutes a felony within the meaning of the consecutive sentencing provision of the Public Health Code, MCL 333.7401(3).

The Legislature has designated possession of marijuana as a misdemeanor. MCL 333.7403(2)(d). Defen-

dant's sentence for possession of marijuana was subject to enhancement pursuant to MCL 333.7413(2) because it was a second conviction, and he was sentenced to a term of two years. Michigan's habitual-offender statutes are merely sentence-enhancement mechanisms rather than substantive crimes. *People v Zinn*, 217 Mich App 340, 345; 551 NW2d 704 (1996); *People v Anderson*, 210 Mich App 295, 297-298; 532 NW2d 918 (1995). Sentence enhancement does not convert the misdemeanor of possession of marijuana to a felony. Thus, a second conviction for possession of marijuana is not "another felony" for purposes of the consecutive-sentencing provision set out in MCL 333.7401(3). I would conclude that the trial court erred by ordering the enhanced sentence imposed for the marijuana conviction to be served consecutively to the sentence imposed for the cocaine conviction.