YOUNG, C.J.
(concurring in part and dissenting in part). For the reasons I have previously stated in People v Boatman,[1]1 dissent in part from the majority opinion. Despite the majority’s claimed “intent” regarding MCR 6.302(B), the court rule actually and explicitly requires only that the court inform a defendant of the maximum possible prison sentence for the offense to which the defendant pleads guilty and does not require the court to inform a defendant of the possible sentencing enhancement resulting from his status as an habitual offender. The “true” maximum possible prison sentence for the offense of second-degree home invasion is as described in MCL 750.110a(6) — “[h]ome invasion in the second degree is a felony punishable by imprisonment for not more than 15 years or a fine of not more than $3,000.00, or both.” Defendant was accurately informed *703 of the sentence for the offense to which he pleaded guilty, and in my view, the sentence meted out was valid in all respects.
While I disagree that there was a violation of MCR 6.302(B)(2), I do agree with the majority on the remedy when such a violation occurs. I concur, therefore, with that portion of the majority opinion holding that the MCR 6.310(C) provides the sole remedy for violations of MCR 6.302(B)(2) when a defendant seeks to withdraw his plea after sentencing. This Court’s orders in People v Ruffin[2] and People v Lofton[3] erroneously permitted the option of specific performance of the unenhanced maximum sentence in contravention of the plain language of the court rule and should not be viewed as having amended the court rule sub silentio. Thus, “[i]f the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside,” the court is required to “give the advice or make the inquiries necessary to rectify the error,” but the defendant’s options are limited to “elect-ting] to allow the plea and sentence to stand or to withdrawing] the plea.”[4]
Aside from the fact that the court rule does not provide for it, several considerations militate against permitting a defendant to be resentenced to the unenhanced maximum sentence.
First, if there is a consequential defect in the plea taking proceedings, the validity of the plea itself is called into question. MCR 6.302(A) indicates that a trial court may not accept a guilty plea unless it is “convinced that the plea is understanding, voluntary, and *704 accurate.” Moreover, the United States Supreme Court has stated that “a plea of guilty is constitutionally valid only to the extent it is ‘voluntary’ and ‘intelligent.’ ”[5] If a defendant’s guilty plea was not an understanding plea, permitting a defendant his preferred remedy of being resentenced to an unenhanced sentence does nothing to cure the invalidity of the underlying guilty plea.
Second, permitting a defendant to be resentenced assumes that the information concerning the unenhanced sentence given by the trial court was a term of the plea bargain agreement, rather than simply incomplete information. In this case, defendant was charged with second-degree home invasion,[6] larceny of a firearm,[7] being a felon in possession of a firearm,[8] and larceny in a building[9] as a fourth-offense habitual offender.[10] Defendant pleaded guilty to second-degree home invasion as a second-offense habitual offender[11] in exchange for the dismissal of the remaining charges and an agreement by the prosecutor not to charge defendant with possession of a firearm during the commission of a felony.[12] At the plea proceeding, defendant indicated that these terms were his complete understanding of the plea bargain agreement. Only later was defendant informed that the maximum possible prison sentence for second-degree home invasion was 15 years. *705 Thus, at the time the plea was entered, neither the parties nor the trial court believed that defendant was tendering his guilty plea in exchange for the trial court’s preliminary agreement to relinquish its discretion to enhance defendant’s sentence as a habitual offender. While I do not believe that the advice given was erroneous, deeming it to be a term of the plea agreement after the fact (in essence, a de facto Cobbs[13] agreement) substantially alters the negotiated plea agreement in contravention of the intent of all concerned at the time the plea was originally tendered.
Moreover, even when there is a genuine Cobbs agreement and a defendant’s guilty plea is made in exchange for a specific sentence disposition by the trial court, the defendant’s remedy is limited to withdrawing his guilty plea if the court is unable to sentence the defendant as stated. Under MCR 6.310(B)(2)(b), a defendant is not entitled to specific performance of a Cobbs agreement. Thus, permitting the remedy of specific performance when a defendant who is an habitual offender is allegedly incorrectly advised regarding the unenhanced maximum sentence provides that defendant with a greater remedy than he would have been entitled to if the unenhanced maximum sentence had been an explicit term of the plea agreement. Defendant’s counsel has proffered no reason to support such an enhanced benefit, and I certainly cannot divine a justification for why defendant should be entitled to receive it.
Finally, assuming that the allegedly incomplete information was a term of the plea agreement, permitting defendant the remedy of being resentenced to the unenhanced maximum sentence would essentially permit the trial court to change its mind regarding the exercise of the court’s sentencing discretion, disregard *706 all the negative information that convinced the court to enhance the defendant’s sentence in the first place,[14] and allow the modification of a valid sentence. MCR 6.429(A) states that a court may correct an invalid sentence, but may not modify a valid sentence after it has been imposed. I agree with the majority that defendant’s sentence of 75 to 270 months for second-offense degree home invasion, as enhanced by his second-offense habitual offender status, is perfectly valid. The infirmity lies, if anywhere, with the plea colloquy.
Because I believe that MCR 6.302(B) does not require the trial court to inform a defendant of his maximum possible prison sentence as enhanced by his status as a habitual offender, I respectfully dissent. I concur, however, that MCR 6.310(C) provides the sole remedy for violations of MCR 6.302(B)(2) when a defendant seeks to withdraw his plea after sentencing.
ZAHRA, J., concurred with YOUNG, C.J.

 People v Boatman, 475 Mich 862, 862-863 (2006) (Young, J., dissenting).

 People v Ruffin, 488 Mich 891 (2010).

 People v Lofton, 488 Mich 924 (2010).

 MCR 6.310(C).

 Bousley v United States, 523 US 614, 618; 118 S Ct 1604; 140 L Ed 2d 828 (1998) (citation omitted).

 MCL 750.110a(3).

 MCL 750.357b.

 MCL 750.224f.

 MCL 750.360.

 MCL 769.12.

 MCL 769.10.

 MCL 750.227b.

 See People v Cobbs, 443 Mich 276; 505 NW2d 208 (1993).

 At sentencing, the trial court stated:
I read the Presentence Report... I read the Victim Impact Statement. I listened to counsel and [defendant] in court.
You’re 31 years of age, six felonies, five prior misdemeanors. This case involves entering into, obviously without permission, the home of another person to steal guns, coins, cash.
I think [the probation officer] wrote a fairly clear report. And his description of your interactions and your background, there’s a striking contrast between what he describes and how you present yourself in Court, how you’ve presented yourself in Court before. He describes you as violent, unpredictable, less than convincing, a manipulator, does not like being confronted about his lack of motivation. This report does indicate very little of a positive nature for this Court to rely on.

You ask for a fair and lenient sentence ... in this case. Those things are inconsistent because a lenient sentence would not be fair, it would not be just.